The facts on which the opinion of the Court was formed will appear in that opinion, which was delivered as follows, by
.Parsons, C. J.
From the facts agreed in this case, it appears that the district, on the 5th of April, 1803, passed a legal vote to raise, by tax, the sum of 400 dollars, for the purpose of building a district school-house; and further, that they voted that the money should be paid by the 1st day of March, 1804; that on the"31st day of the same March, the district clerk certified the said vote for the raising and paying of the said sum to the defendants and one W. W., then the assessors of Petersham, but who were not the assessors when the vote was passed; that the same assessors, on the same day, assessed the sum voted on the polls and estates of the district, 56 dollars, 50 cents, of which was assessed upon the plaintiff; that on the 11th day of April, 1804, the defendants, being the major part of the assessors, delivered the same assessment to a collector of the town, with a warrant, under their hands and seals, directing him to collect and pay over one half the sum by the 1st of May then next, and the remainder by the 1st of June following.
The distraining the chattels of the plaintiff, by the collector, in execution of this warrant, is the trespass complained of. And there is no objection to the legality of the assessment or warrant, if by aw the assessors for the year 1804 were authorized to make the assessment, and to issue the warrant.
*202 In looking into the statute (1) authorizing the voting, assessing, and collecting of money, for the building and repairing of district school-houses, it appears that the vote to raise this money was legal, and that the clerk was directed to certify the vote to the assessors, which he has done. The statute does not direct the certificate to he made to the assessors in office when the vote passed. In some cases this might be impracticable, as when the vote shall [ * 232 ] pass just before the expiration *of their office. Neither is the authority to assess the tax and issue the warrant confined to the assessors in office at the time when the vote passed; for the authority might be defeated for want of time to execute it. And although the assessors are directed to assess the tax within thirty days after the certificate, yet there are no negative words restraining them from making the assessment afterwards; and accidents might happen, which would defeat the authority, if it could not be exercised after the expiration of thirty days. The naming the time for the assessment must therefore be considered as directory to the assessors, and 'not as a limitation of their authority. And the time of payment expressed in the vote cannot be conclusive against the exercise of this authority in the present case; for the power of fixing the time of payment is not given to the district, but to fhe assessors, who are to limit it in the warrant.
From die consideration of these facts only, the conclusion would be against the plaintiff. He relies on other facts in the case. It is also agreed that the district clerk, on the 17th day of February, 1804, made a certificate of the vote to the assessors then in office, who, on the same day, undertook to make the assessment, and to deliver it to the plaintiff, then a collector for the town, with a warrant to collect the money and pay it over by the 1st day of March, then next, agreeably to the vote of the district. If these proceedings had been legal, unquestionably the subsequent certificate of the assessment and warrant would have been a nullity, as the vote of the district to raise the money would have been carried into effect by the clerk and assessors. But it is agreed that the assessment and warrant were illegal, and were revoked. That being the fact, might not the same assessors have issued a new warrant, without a second certificate from the clerk? Certainly they might, unless by the statute they were restricted to make the assessment within thirty days after the certificate, which it is our opinion they were not. If those assessors might make a new assessment, no good reason can be assigned why their successors should not, as the statute does not require the assessment to be made by the assessors in office *203 when the vote was passed; unless it is an * objec- [ * 233 ] tian that the assessors could make no assessment until they received a legal certificate from the clerk, and that he having made a certificate to their predecessors, his second certificate was a nullity. It must be admitted that the clerk’s certificate is necessary to authorize the assessors to proceed; but the objection that the second certificate is a nullity does not seem to be well founded. It is not contended that for no cause whatever can the clerk make a second legal certificate. The first may be lost, mislaid, or destroyed by accident, before the assessment is made; and it would be unreasonable to decide, that he could not make a second certificate in that case, that the assessors may have in their possession a document necessary to justify them in proceeding.
Bigelow, for the plaintiff.
Blake, for the defendants.
The question then is, whether, in the present case, there was not a reasonable cause to make a second certificate. And we think that there was a reasonable cause. The first assessors had, through mistake, done nothing towards carrying into effect the vote of the district. They were now out of office ; and their successors could not proceed until they had a certificate. Certainly it was the duty of the clerk to make it.
But it is said that inconveniences may result to the district from this construction, as in the mean time they may alter their resolution, and may not wish to have the money assessed. If any inconvenience should arise to the district, it must result from their own negligence. For if in fact they do not choose to have the money raised, they may, at a legal meeting} at any time before the assessment, rescind their vote; and then the assessors, after regular notice, will have no authority to make the assessment. The vote is not a grant of money; it is only a resolution to provide themselves with money; and if, upon consideration, they find they can do without it, it would be very unreasonable if they could not annul their resolution, when no person can be injured by it. On the other hand, if the district still want the money, they are deprived of the effect of the vote by accident or error, if in this case a new certificate cannot be made, and an assessment and warrant to collect the money pursuant to it. And a * new meeting [ # 234 ] must be called, and a new vote passed for the same purpose ; but on what ground of legal necessity it is not easy to conceive.
Upon a consideration of the whole case, it is our opinion that the second certificate, and the assessment and warrant made pursuant to. it, are regular, and a sufficient defence of the assessors in this action.

Plaintiff nonsuit.

 1799, c. 66.