## JOHN JOHNSON vs. ISAAC DOLE.

The clause in the statute, entitled "an act empowering school districts to build and repair school houses, and regulating schools," which requires selectmen to assess any sum voted to be raised by the district, in thirty days after the clerk of the district shall certify to them the same sum, is merely directory to the selectmen; and the tax will be legal, although not assessed within the thirty days. When goods are seized as a distress for the non-payment of taxes payable in money, it is not now necessary to insert in the advertisement of the goods for sale a particular description of the species, whether money or paper, for which the distress is taken; but a general advertisement of the goods for sale at auction is a sufficient notice, that they are to be sold for money.

TRESPASS *de bonis asportatis.* The defendant pleaded in bar, that the inhabitants of school-district No. 4, in Enfield, qualified to vote in town affairs, at a legal meeting, on the

17th March, 1821, voted to raise $160 for the purpose of building a school-house in said district ; that on the 8th April, in the same year, the clerk of the said district certified to the selectmen of the said town the said vote ; that on the 25th May, in the same year, the said selectmen assessed upon the inhabitants of said district the sum of $160 ; that the plaintiff, being an inhabitant, was assessed in the sum of $4 48 ; and that, for the non-payment of that sum, the defendant, being a collector, seized, as a distress, the goods mentioned in the declaration, and, having given notice of the time, and place, of sale, by posting up, at two public places in the town, notice in writing, with a particular description of the goods, more than twenty-four hours before the sale, sold them at auction, &c.

To this plea the plaintiff demurred ; and the defendant joined in demurrer.

*Blaisdell*, for the plaintiff.

*Noyes*, for the defendant.

*By the court.*   The statute entitled, " an act empowering " school districts to build and repair school houses, and reg- " ulating schools," enacts, that " the selectmen shall assess, " in the same manner as town taxes are assessed, on the polls " and estates of the inhabitants composing any school district, " &c. all monies voted to be raised, &c. in thirty days after " the clerk of the district shall certify to said selectmen " the sum voted by the district to be raised, as aforesaid." And it is objected, that the assessment mentioned in the plea, not having been made within thirty days after the tax was certified to the selectmen, was illegal and void ; and the question is, whether the clause in the statute, respecting the assessment of the taxes within thirty days, was intended by the legislature to be merely directory to the selectmen, or as a limitation of their authority ?

Whether the tax be assessed within thirty days, or afterwards, it must be assessed according to the same invoice, and upon the same persons ; it is, therefore, wholly immaterial, with respect to those, upon whom the tax is laid, at what time the assessment is made.   We are, therefore, of opinion, that the clause, in the act, is merely directory, and not

Johnson
*vs.*
Dole.

a limitation of the authority of the selectmen. On this point, the case of *Pond vs. Negus*, 3 *Mass. Rep.* 230, is a direct authority ; and this objection is overruled.

There is, in this case, another objection, which must be examined. The statute, entitled, " an act declaring the du-" ty, and defining the power, of collectors of taxes," enacts, in relation to the sale of goods, taken as a distress for taxes, that " notice of the place, day, and hour of such sale, &c. " and a particular description of the goods and chattels, so to " be sold, and of the species, whether money or paper, for " which the distress is taken, shall be posted," &c. and it is objected, that it does not appear, that a description of the species, whether money or paper, for which the distress, in this case, was taken, was posted up. The statute, upon which this objection rests, was passed in the year 1791 ; previously to which time taxes were raised sometimes in paper, and sometimes in specie ; and distresses for taxes were sold for specie or paper, according to the nature of the tax. But it is believed, that no tax, payable in any species of paper, has been raised within thirty years. 1 *N. H. Laws* 533. And it is not doubted, that whenever goods are advertised for sale at auction, it is now the universal understanding of the community, that they are to be sold for money ; unless the contrary be stated. And as the object of this clause, in the statute, was to give notice to those, who might be disposed to purchase the goods, of what would be received in payment ; we are of opinion, that a general advertisement of the goods for sale at auction is a sufficient notice, that they are to be sold for money, within the intent and meaning of the statute ; and that the tax, in this case, being a money tax, the advertisement was sufficient. This objection cannot, therefore, prevail.

*Judgment for the defendant.*