## HAYES *vs.* HANSON.

In the construction of a statute, all acts, *in pari materia*, are to be taken together, as if they were one law.

Assessors have no power to act, in relation to the assessment of taxes, independently of the selectmen; but they constitute a part of a joint board with the selectmen, and can act only as members of such board.

An invoice, appraisal, and assessment of a tax were legally made by the selectmen in the month of April. In the month of May the assessors took the oath of office, and signed the assessment thus made by the selectmen.—*Held*, that as the assessment was made by a board competent to act, the concurrence therein of the assessors did not render it invalid.

Where a tax was legally assessed by the selectmen, and committed, with a warrant for its collection, to a collector, and the assessors who were unqualified to act also signed the assessment and warrant, and the collector distrained the goods of the plaintiff for non-payment of a tax, it was *held* that the assessors were not

liable as trespassers, for the acts of the collector, on account of their doings as assessors.

The provision of the statute, requiring that the oath of the assessors shall be filed and recorded in the office of the town clerk, is merely directory, and the assessment of a tax will not be invalid, if the provision of the statute be not complied with.

If an appraisal and assessment of taxes thereon be made by the minority of a board of assessors, whether an assent thereto afterwards, by the other members of the board, would make such assessment legal, *quære?*

TRESPASS, for taking and carrying away a pair of steers, the property of the plaintiff, on the 7th day of September, 1839.

The defendant pleaded the general issue, with a brief statement, setting forth that he was collector of taxes for the town of Madbury, for the year 1838, duly appointed and qualified, &c., and that he seized and sold the steers to pay a tax in the list of taxes committed to him, against the plaintiff, &c., &c.

Also, that he was one of the assessors of said town, for the year 1838, and that all he had done in ordering said steers to be taken, and in and about making the assessment of said tax against the plaintiff, was done as such assessor, &c.

Upon the trial, it appeared that at the annual meeting, holden in Madbury on the thirteenth day of March, 1838, three persons were duly chosen selectmen, and William Kelly and the defendant were duly chosen assessors. The selectmen all took the oath of office on the day of the meeting, and on the second day of April took the oath faithfully to appraise, &c. They took an invoice, and made an appraisal in the month of April; and, after having made the invoice and an assessment of taxes thereon, they met with the assessors on the 28th day of May following, for the purpose of completing the assessment. On that day, before proceeding to examine the assessment, &c., the defendant took the oath of office as an assessor, and an oath faithfully to appraise, &c.; but the certificate of the oath was never returned to the town clerk's office. Kelly did not act in taking the invoice, nor did he perform any other official act until the 28th day of May aforesaid.

After the defendant had taken the oaths, all the selectmen

and the assessors examined the invoice and appraisal of the selectmen, and the assessment made out by them, and some errors were corrected in casting; but the invoice and appraisal were not altered, nor was the assessment, except as aforesaid. The selectmen and assessors all signed the assessment. The selectmen appointed the defendant collector, the town having neglected to choose one, and a list of taxes and warrant, signed by all, were committed to him, by virtue of which, as collector, he afterwards took the steers in question for the non-payment of the plaintiff's tax.

It was admitted that the proceedings of the defendant as collector were all in due form, and no exception was taken to them.

A verdict was taken for the plaintiff, by consent, subject to the opinion of the court upon the foregoing case, upon which judgment is to be rendered, or it is to be set aside, and judgment rendered for the defendant.

*Hale*, for the plaintiff.

*Christie*, for the defendant.

GILCHRIST, J. No exception is taken to the acts of the defendant as collector of taxes; and if liable at all, he is so only as an assessor.

The provisions of the statutes on the duties of the selectmen and assessors, are, on their face, somewhat inconsistent with each other, and can only be reconciled and explained by a consideration of the peculiar duties which the law intended should be performed by the two boards. The duty of the assessors is only to form part of a board for the assessment of taxes, and to act only upon that subject. With the invoice they have nothing to do. That they can, in no case, act as a board independent of the selectmen, we think will appear from an examination of the various provisions on this subject.

By statute, the selectmen have the ordering and managing

of all the prudential affairs of the town.    *N. H. Laws* 453, (*Ed. of* 1830.)    The statute also provides that the town " may choose assessors by ballot, who, together with the selectmen, shall constitute a joint board for the assessment of taxes, and all questions arising at such board shall be decided by the major vote of the joint members thereof."    *Ibid.* 454. The invoice of the property of the inhabitants is to be taken by the selectmen.    *Ibid.* 553.    The selectmen *and* assessors are required seasonably, in every year, to assess the polls and estates, &c.    *Ibid.* 557.    And the selectmen *or* assessors may assess not over five per cent., to answer any abatement, &c.    *Ibid.*    The *selectmen* are to make lists of the assessments, and commit them to the collector, and to cause invoices and assessments to be recorded.    *Ibid.*    And for neglect of their duties, they are liable in the manner prescribed by statute.    *Ibid.* 558.    They are also empowered to abate taxes, &c.    *Ibid.* 559.

The assessors constitute a part of the board for the assessment of taxes ; and, according to the words of the statute, either they *or* the selectmen may assess five per cent. to answer any abatements.

The first section of the act of January 4th, 1833, (ch. 108,) provides, that the taxes shall be assessed on all the polls and ratable estate which shall be appraised by the selectmen *or* assessors.    The second section provides, that the selectmen *and* assessors shall set down in their invoices the following classes of ratable estate, &c., and upon the invoice thus made the selectmen *or* assessors shall assess all public taxes.    The third section provides, that the selectmen *or* assessors, who shall make their appraisal, shall, before entering upon the duties of their office, take and subscribe the following oath, &c.

The leading principle established by the statute is, that the selectmen and assessors shall constitute a joint board for the assessment of taxes.    When the selectmen are mentioned in reference to this subject, they are referred to as assessors, and not as acting in any other capacity.    When the statute

speaks of powers exercised by the selectmen *or* assessors, nothing more is meant than the board who may act upon the subject of the assessment of taxes.   We are not to understand that where there are assessors, either the board of assessors or the board of selectmen may assess five per cent. to answer any abatements, or do any other thing in relation to the assessment, because they constitute a joint board for this purpose.   The statute evidently did not intend that one board should have a negative on the other; because, if that were the case, nothing would be done, should they differ in opinion.   Of course, when we speak of assessors, we refer only to those who are legally qualified to act as such.

Was, then, the tax legally assessed?   If it were, the defendant is not liable.

The selectmen took the invoice and made an appraisal in the month of April.   On the 28th day of May the defendant took the oath as an assessor, and as an appraiser of the property; and, on the same day, the invoice, appraisal, and assessment made by the selectmen were examined by the whole board, but no alterations were made, except to correct some errors in the casting.   The invoice and appraisal are, by law, to be made in the month of April; but this duty was performed by the selectmen alone, neither of the assessors taking any part therein.   At that time there were no assessors competent to act, for they had not taken the oath of office.   The invoice and appraisal, therefore, were made by a competent board.   It is provided by law, that when there shall be a vacancy in any town office, or when there shall be a want of any town officer, a meeting may be called for the purpose, and an officer chosen.   But here no occasion existed for the action of the town, because there was no vacancy in the office of assessor, nor was there any want of any such officer.   There was merely a neglect, on the part of the officers duly chosen, to take the oath of office.   This neglect might subject them to a penalty, but could not invalidate the doings of the selectmen.   What, then, were the selectmen

Hayes v. Hanson.

to do? No question could have arisen, if no assessors had been chosen. As they were chosen, but not qualified, and as the selectmen constituted a majority of the whole board, they alone were competent to act. Their doings, then, were legal. The assessors, it is true, did not make an appraisal, and did not assess the taxes. They merely assented to what had been done by the selectmen. They assented to a legal act, which was valid without their assent. Can that make the defendant a trespasser? We think not. If the invoice and appraisal had been made by a minority of the whole, and had merely received the assent of the others, a question might have arisen, whether an assessment, founded upon such an appraisal, would have been legal. The duties of the board who assess taxes are judicial, to a certain extent. They cannot appoint a stranger to make an appraisal, and then render it their own, by adoption, because the law intends that they should exercise their own judgments.

Suppose the selectmen, having legally assessed a tax, had committed it, with a warrant, to the collector, and the defendant had, without authority, signed the warrant, as one of the assessors, not having been elected to that office. Can an order, by an unauthorized person to an officer, to do an act which he has been legally authorized to perform, by competent authority, make the person who thus gives the order a trespasser? We cannot see on what principle it would have that effect. This is all, on the plaintiff's own ground, that the defendant has done. We are of opinion, therefore, that the tax was legally assessed, and that the defendant, by acting so far as he went, as an appraiser, and signing the warrant, did not make himself liable as a trespasser.

It is, however, further contended by the plaintiff, that the defendant is a trespasser for what he has done, because the oath was not filed and recorded in the office of the town clerk. But the statute does not require him so to do. It provides that it shall be done, but does not impose that duty upon any particular person. And it would not seem proper

that he should do it. He has not, by law, the custody of the certificate of the oath, but it belongs to the person who administers it, and to him the duty of seeing it filed and recorded properly belongs. His neglect cannot prejudice the assessor, by causing him to be a trespasser, nor the public, by making the assessment and collection of the tax illegal. The object of this provision is merely directory, and is neither a condition precedent to the action of the officer, nor does it render his proceedings invalid, if the oath be not filed and recorded. *Jackson* vs. *Young*, 5 *Cowen* 269; *Williams* vs. *Lunenburg*, 21 *Pick*. 82; *Sprague* vs. *Bailey*, 19 *Pick*. 436. Even where the law requires that proceedings shall be filed and recorded, it deserves consideration whether such requisitions ought to be deemed conditions precedent, without which the act is void, or only directory to the officers in the performance of their duty, the omission of which might subject them to responsibility. There are many cases where an act is prescribed by law to be done, and record made thereof, and nevertheless, if left unrecorded, the act is valid. What requisitions are to be deemed conditions precedent, must depend on a sound construction of the nature and objects of each regulation, and of public convenience, and apparent legislative intention. *Bank of the U. S.* vs. *Dandridge*, 12 *Wheat*. 64, (6 *Cond. R.* 454;) *Johnson* vs. *Dole*, 3 *N. H. Rep*. 328.

It is a well settled rule, that in endeavoring to ascertain the meaning of a particular statute, or of a clause in a statute, all the laws on the same subject are to be construed together, and that the general legislation on the matter may be considered by the court. *Holbrook* vs. *Holbrook*, 1 *Pick*. 254; *Commonwealth* vs. *Martin*, 17 *Mass*. 362. All acts " *in pari materia*" are to be taken together, as if they were one law, and they are to be compared in the construction of statutes, because they are considered as framed upon one system, and having one object in view. *Duck* vs. *Addington*, 4 *T. R.* 447; *Ex parte Drydon*, 5 *T. R.* 417; *Earl of Ailesbury* vs. *Patterson*, *Dougl*. 30. And this principle we have

followed in comparing with each other the provisions of different statutes relating to the assessment of taxes and the powers of assessors.

We are of opinion that the verdict for the plaintiff should be set aside, and that there should be

*Judgment for the defendant.*