## NELSON JOYNER *vs.* THE INHABITANTS OF SCHOOL DISTRICT NUMBER THREE IN EGREMONT.

Under a vote to raise the sum of $250, assessors have no authority to assess a tax of $285·01.

Payment to a collector of taxes, who has a tax bill and warrant for levying the same, in the form prescribed by law, is not a voluntary, but a compulsory payment; and if the tax so paid be illegally assessed, it may be recovered back by action.

The inhabitants of a school district, having voted to raise a sum of money for building a school-house, and the same having been subsequently assessed upon the inhabitants and collected, and paid by the collector into the town treasury, was paid over by the treasurer of the town to a building committee appointed by the district: The assessment thus made being illegal and void, it was held, that an inhabitant of the district, who had paid the tax so assessed against him to the collector, might recover the amount in an action for money had and received against the school district.

An objection to the form of the writ, that it should have been a writ of original summons, and not of attachment, can only be taken at the first term after an appearance.

It is no ground for retaining a tax illegally assessed by a school district against an inhabitant who has paid the same, that the sum so received of him was only his due proportion of the amount necessary to discharge the debts of the district, and for payment of which the district might have legally raised a sufficient sum.

THIS was an action of assumpsit by the plaintiff, an inhabitant of the town of Egremont, and also of school district No. 3, therein, to recover the sum of $14·72, being the amount of a tax assessed upon him by the defendants.

The action was originally commenced and tried before a justice of the peace, from whose judgment an appeal was taken to the court of common pleas, where the case was submitted to the court upon an agreed statement of facts, upon which judgment being rendered, the case came to this court by appeal. The following only are the facts material to be stated, in order to understand the points decided by the court.

The inhabitants of school district No. 3, in Egremont, at meetings, the proceedings of which are not otherwise in question, voted to raise the sum of $250, for building a school-house, and for other purposes connected therewith, and also appointed three persons a building committee, to carry these votes into execution

There was no certificate, made by the clerk of the district to the assessors of the town, of the amount of the sum voted to be raised for the purposes set forth in the vote; but, it appeared, that Rowley, the clerk of the district, who was also one of the assessors of the town, (three in all,) assessed the tax thus voted by the district, without the assistance of either of the other assessors; and that he submitted the assessment to Baldwin, one of the others, who assented to it, and signed the warrant for the collection of the tax so assessed. The third assessor, Cuppin, was not notified to aid in assessing the tax, nor did he sign the warrant; but he joined with Baldwin in requesting Rowley to make the assessment.

The warrant for collecting this tax, which was issued to the collector of Egremont, directing him to levy and collect two hundred and eighty-five dollars and one cent, recited that it "was the necessary sum for defraying the expenses of building school-house, &c., in school district No. 3, authorized by the inhabitants of said district, being two hundred and eighty-two dollars and ninety-two cents for building and repairing said house, and one dollar charge of selectmen employed by the building committee to decide the location of said buildings, with one dollar and one cent overlaying in said tax." The assessment was made upon the persons named in the tax bill and warrant, for the several sums named therein, amounting in all to the sum of $285·01.

The plaintiff was assessed in the bill and warrant at the sum of $14·72, which was demanded of him by the collector, who threatened to enforce payment by legal proceedings; and the plaintiff thereupon paid the same to the collector, with knowledge of all the facts.

The money collected in virtue of the assessment and warrant was paid into the treasury of the town, and was then paid over by the town treasurer to the building committee of the district; but no vote was ever passed by the defendants for such payment, or to ratify the same.

The school-house and other erections authorized by the votes of the district were built accordingly by the building

committee, and the money raised as above mentioned appropriated therefor; but these erections were never accepted by the district, by any vote to that effect; though, when finished, they were and ever since had been used and occupied by the inhabitants of the district, including the plaintiff.

It appeared, that the writ by which this action was commenced was not in the form of an original summons, but was a writ of attachment, requiring the officer to attach the goods and estate of the defendants.

The case was argued in writing by *C. N. Emerson*, for the plaintiff, and by *I. Sumner*, for the defendants.

The opinion of the court was delivered at the May term, 1850.

DEWEY, J. The facts stated show a payment by the plaintiff of the sum of $14·72, in discharge of a tax assessed upon him by the assessors of the town of Egremont, and purporting to be a tax assessed upon the plaintiff as a member of school district No. 3, in that town. This tax, thus paid upon a demand by the collector, under a warrant authorizing him to enforce the payment, it is contended by the plaintiff, was illegally assessed; and various grounds were urged in the argument of the case, as sustaining this objection. Of these grounds, one is so clearly fatal to the validity of the tax, that we have not thought it necessary to consider particularly the other objections.

Assuming all the other proceedings to have been regular, the excess in the amount of the tax assessed, beyond the sum voted to be raised by the district, would alone vitiate the assessment, and render the tax illegal. Under a vote of the district to raise $250, the assessors assessed the sum of $285·01; an amount far exceeding the excess which is allowed by the statute. This is a fatal objection to the validity of the tax; and the only remaining question is, whether the plaintiff has any remedy against the inhabitants of school district No. 3, for the recovery of the money thus paid by him.

On the part of the defendant, it is urged, that although

48 *

the assessment was an illegal one, yet it was the illegal act of the assessors of the town of Egremont; that their proceedings were wholly unauthorized by the school district; and that the assessors are alone responsible to the individuals, who may have paid their assessments. This point is strongly pressed upon us, and particularly upon the ground, that the case shows, that there was no certificate of the doings of the school district, appertaining to the raising of money by assessment, or that any vote directing any sum to be assessed was certified by the clerk of the district to the assessors of Egremont, before making the assessment and issuing the warrant for the collection of the same.

Such a proceeding, on the part of assessors, without such certificate being first duly made to them by the clerk of the district, may involve those officers in a personal liability to all who are affected by their illegal acts, to the extent of any injury sustained thereby. The cases of *Gage* v. *Currier*, 4 Pick. 399, and *Pond* v. *Negus*, 3 Mass. 230, were to this point, and held the personal liability of the assessors in such case. But the cases referred to do not deny, that there may be a cumulative remedy for such illegal assessment, where the fruits of it, that is, the avails of the tax thus levied, have gone to the benefit of those for whom and under whose authority the assessors professed to act.

If the present action had been an action of trespass, for arresting the body of the plaintiff upon the warrant issued by the assessors, and a claim for damages for such arrest and false imprisonment was the subject of the action, the defendants might well urge, that as to such claim for damages for the arrest and imprisonment, the assessors were alone responsible. The present action is one, however, of a different character, and is supposed to be sustainable upon the ground, that when one party holds the money of another illegally taken from him, such money may be reclaimed in an action of assumpsit, and that irrespective of any liability of other parties, who may have been the illegal agents in coercing the payment of the money.

Suppose the agent of an individual, or the treasurer of a joint stock company, without any previous authority or direction, had improperly demanded money as due to his principal; and upon such demand the money had been paid, under some color of authority to enforce such claim, and the money thus obtained had actually gone into the hands of the principal; the inquiry is, may not the principal be liable for the money thus received, although he be not the original wrong-doer?

We cannot doubt, that if this were an action against the town of Egremont, and it had appeared that the money had been paid to the collector, upon an illegal assessment, and had been paid by the collector to the town treasurer, who was holding the same for the benefit of the town, that the action of assumpsit for money had and received would well lie, although the assessors might also be held liable for their own illegal acts, if the party had elected that form of redress. The right to recover in such cases rests upon the general principle, that one holding money illegally exacted from another may be required to refund the same. If the exaction is by the agent, under color of authority, and the money comes into the hands of the principal, the latter is thereupon chargeable to the extent of the money actually received by him.

Nor will this doctrine at all conflict with the opinion of this court in the case of *Third School District in Stoughton* v. *Atherton,* 12 Met. 105. That was the case of an executory contract, and the only alleged cause of liability was a claim for damages, for not performing an executory contract. To such a claim, the objection may well be interposed, that no legal votes of the district had ever been adopted, creating any such liability. Under the old doctrine, that a corporation cannot be chargeable upon an implied assumpsit, this objection might perhaps have been sustained; but, at the present day, no such distinction exists, and corporate bodies, like individuals, are liable for their implied promises; and wherever the facts will raise such implied assumps't they are chargeable without any express contract.

It has been objected, in this case, as it has been in other cases, that this payment of the tax by the plaintiff was a voluntary payment, and therefore not to be recovered back, although the tax was an illegal one. The payment of this tax was made by the plaintiff to the collector, who had a warrant for the collection of the same, which was in all respects correct in point of form. By virtue of this warrant, the collector was authorized to seize the goods, or take the body, of the plaintiff; and the plaintiff had no day in court, or any opportunity to arrest the service of the warrant, by calling in question the validity of the proceedings; but was compelled to pay the tax, or to have his property seized, or his body arrested, on the warrant of distress. The facts stated in the case show, that the collector demanded payment of the tax of the plaintiff, and threatened to enforce the same by legal process. A payment to a collector of taxes, under such circumstances, is not that voluntary payment of a disputed demand, that precludes the party thus paying from opening the question of the right to enforce such payment, in an action to recover back the money thus paid. The point has often been considered by the court, and is fully settled by the cases of *Preston* v. *Boston*, 12 Pick. 7; *Boston & Sandwich Glass Co.* v. *Boston*, 4 Met. 181; *George* v. *Sec. Sch. Dist. in Mendon*, 6 Met. 497, 506.

Nor do we perceive any legal ground for sustaining the position taken in the defence, that in equity and good conscience the plaintiff ought not to recover this money back, as it was only the payment of a sum which was required to pay the debts of the school district; and the sum received of the plaintiff was only his due proportion of the whole amount necessary to discharge the debts of the school district, of which he was a member, and for payment of which the district might legally have raised a sufficient sum. The form in which this tax was demanded, and the ground upon which it was paid, was not that of an equitable informal assessment, but that of a strict legal liability. Each member of a school district has a right to insist, that though no more than his

proportional amount be demanded of him to pay the debts of the school district, the assessment shall be in a legal form, and in a form that will also compel the other members of the district to pay their proportionate share of the corporate debts.

This case, therefore, resolves itself into the mere question, whether the money thus paid by the plaintiff came to the use of the defendants, or was applied for their benefit by their lawful agents. If so, then, they hold the plaintiff's money. Supposing, then, the defendants to repudiate the tax as one unauthorized by them, it nevertheless would be true, that they have no right to retain the proceeds, any more than if they had voted to raise the money, and the illegality had arisen solely in the manner of assessing the tax. The money collected by virtue of this assessment was paid to the treasurer of the town of Egremont. But the town of Egremont is not thereby made liable for the same, the treasurer of the town having received it only as agent for the school district. *Perry* v. *Dover*, 12 Pick. 206.

The treasurer of Egremont properly paid over this money to the persons composing the building committee of the district, and who had been appointed as such at a meeting of the district. This building committee were agents clothed with adequate authority to represent the district, so far as to receive and apply the moneys received by the town treasurer for taxes assessed upon the members of the district, as school district taxes. The Rev. Sts. *c.* 23, § 39, provide that the money thus collected and paid to the treasurer of the town shall be at the disposal of the building committee. Thus clothed with authority to act as agents of the district, they properly received the money from the town treasurer ; and such payment is to be taken to be a payment to the district themselves, who thereby became responsible therefor, if the money was illegally demanded and received from an individual, under the form of a district tax bill.

It is then further objected to the maintenance of the present action, that the original writ is defective, not being in

form a summons merely, but an attachment of the goods and estate of the inhabitants of the district, which it is said is contrary to the provisions of the Rev. Sts. *c.* 90, §§ 5 and 42, and this is supposed to be a fatal defect, which is open to the defendants at any stage of the proceedings. This last position is entirely erroneous. It is now well settled, that defects in the form of writs, though in matters specially required by the statute, are waived by not taking the objection at an early period of the proceedings. In the case of *Foot* v. *Knowles,* 4 Met. 386, where there was an omission of the constitutional provision, (art. 6, sect. 5,) that all writs issuing out of the clerk's office, in any of the courts of law, shall be under the seal of the court from whence they issue ; and in the case of *Ripley* v. *Warren,* 2 Pick. 592, where the writ bore test in the name of a justice of the common pleas, who was not the first justice not a party to the suit; yet it was held, that the defendants in those cases could not make these objections to the writ, after a trial on the merits. Taking the objection here presented in its strongest light, it is only a defect in form. To defects of this character, the objection must be taken at the first term after an appearance, or they are deemed to be waived. *Simonds* v. *Parker,* 1 Met. 508 ; *Carpenter* v. *Aldrich,* 3 Met. 58. Objections to the jurisdiction of the court rest upon different principles, and may be taken at any stage of the proceedings ; but errors in the form of the process, like other formal defects, are waived by pleading generally to the action, or by omitting to move for the dismissal of the action, at an early stage. Upon the whole matter, the court are of opinion, that the plaintiff is entitled to maintain the present action, and to recover of the defendants the amount paid to discharge the tax assessed upon him.            *Judgment for the plaintiff.*