## Seth Whittier *vs.* John M. Way.

If a debtor who has been arrested on execution and carried before a magistrate desires to take the oath for the relief of poor debtors and to have a time fixed for his examination, and accordingly enters into a recognizance for his appearance at the time fixed therefor, it is his duty to cause notice to be served upon the creditor, and the recognizance may properly require him to do so.

In an action upon a recognizance taken under Gen. Sts. *c.* 124, § 17, the defendant cannot object that it was taken in a sum less than double the amount of the execution on which the debtor had been arrested, or that the place fixed for his examination was not inserted in the condition of the recognizance.

CONTRACT against the surety on a recognizance taken under Gen. Sts. *c.* 124, § 17, with condition " that the judgment debtor, at the time fixed for his examination, to wit, at three o'clock in the afternoon this day, as above mentioned, will deliver himself up for examination, before some magistrate authorized to act,

having given notice of the time and place thereof in the manner provided in and by the hundred and twenty-fourth chapter of the General Statutes of the said commonwealth, and appear at the time and place fixed for his examination, and from time to time until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon." The recognizance did not in any part of it recite that any place had been appointed by the magistrate for the examination.

Judgment was ordered for the plaintiff in the superior court, upon agreed facts which are stated in the opinion; and the defendant appealed to this court.

*E. M. Bigelow*, for the defendant.

*E. Pearson*, for the plaintiff.

MERRICK, J. The recognizance declared on was taken unde the provisions of Gen. Sts. *c.* 124, § 17. The principal in the recognizance, Thomas F. Whittier, was arrested on an execution which issued upon a judgment recovered against him by the plaintiff, and was brought by the officer having him in custody before a commissioner of insolvency, and there desired to take the oath for the relief of poor debtors and to have a time fixed therefor. The time was accordingly fixed, and a notice to the plaintiff thereof was in due form issued by the commissioner. The debtor desiring not to remain in custody in the mean time, the present recognizance was then entered into by the defendant. It is a part of the condition contained in it that the debtor should cause such notice to be duly served upon the plaintiff; for that, truly interpreted, is the meaning of the language "having given notice of the time and place thereof in the manner provided in and by" the statute. The only service which the debtor caused to be made of the notice was the leaving of an attested copy thereof with the officer who made the arrest. But it is agreed that the plaintiff then resided in Boston, and that his attorney had his usual place of business there. It is only when the plaintiff is dead or not a resident in the county where the arrest is made, and when

no agent or attorney of his can be found therein, that the statute allows the service of the notice to be made upon the officer who arrested the debtor. See *Putnam* v. *Williams,* 2 Allen, 73. This contingency did not occur in the present case; and therefore the notice was not duly and legally served. The debtor appeared before the commissioner at the time and place fixed for his examination ; but the plaintiff not having been legally notified did not appear nor advance his legal fees to the commissioner, and the debtor was thereupon, without taking the oath, discharged and set at liberty ; and he accordingly departed. § 48. This was a breach of the condition of the recognizance; for the debtor was bound to give legal notice to the creditor. If upon the return of the notice issued by the commissioner it was found that it had not been duly served, and the debtor would save himself and his sureties from the consequence of a breach of this part of the condition of the recognizance, he should have procured a new notice, and have caused it to be duly served upon the plaintiff. Not having given such due notice, the plaintiff was not bound to appear, nor was it to be expected that he would do so ; and the debtor was not entitled to be discharged. His departure under such circumstances, though with the permission of the commissioner, was a breach of the condition of the recognizance, and rendered him and his sureties liable for the penalty.

But the defendant contends that under the provision of said § 17 the commissioner had no authority to make the giving of the notice by the debtor to the plaintiff a part of the condition of the recognizance, because there is no mention of such notice in that section, and it is there only said that a recognizance may be accepted that the debtor " will appear at the time fixed for his examination, and from time to time until the same is concluded, and not depart without leave of the magistrate." But the whole statute is to be construed together ; and looking at the provisions of §§ 12 and 13, there can be no doubt that in case the debtor, upon being brought before the magistrate, desires to take the oath, and to have a time and place fixed therefor, the duty devolves upon him to cause the notice which

is issued by the magistrate to be duly served upon the plaintiff. The whole proceeding is for his benefit and relief; the notice issues at his instance ; no other person has any interest in causing or procuring its service ; and as he only is to derive any advantage from it, it results by necessary implication that he is himself to cause to be done whatever the law requires in relation to it. The recognizance which the magistrate is allowed to take under the provisions of § 17 is to stand as security for the plaintiff in the place and stead of the arrest, and it ought therefore to be on such terms as will effectually serve that object. The form of the recognizance and the precise terms in which it shall be expressed are not prescribed in that section ; and it may consequently be so framed as to impose upon the debtor all the obligations which the law imposes upon him.

It appears upon examination of the several papers and instruments that the recognizance was taken in a sum less than double the amount of the execution upon which the debtor was arrested ; and the defendant contends that for this reason the recognizance was void, because the statute provides only that the magistrate may in such case " accept his recognizance with surety or sureties in a sum not less than double the amount of the execution." This provision in reference to the minimum sum is principally for the security of the creditors. The acceptance of the recognizance is for the present relief of the debtor ; to free him from arrest and set him at liberty until the arrival of the time duly fixed for his examination, preparatory to the administration of the oath which he desires to take. This object is attained and he has the full advantage of it although the magistrate has not strictly followed the directions of the statute. The obligation is voluntarily assumed by him and his sureties; nothing beyond what the statute allows has been required of him. Neither he nor they can be injuriously affected in consequence of the recognizance being accepted in a sum less than that which might have been required. It is the creditor only who can have any possible cause of complaint on this account; and if he is contented to abide by it, there seems to be no reason why it should not be enforced. The magistrate being authorized

to accept the recognizance, the provision in relation to the sum in which it is to be taken may be considered as directory only; and if no burden or obligation is imposed upon or required of the debtor beyond what the law allows, there is no reason why a recognizance voluntarily entered into by him and his sureties should be held to be invalid. *Thacher* v. *Williams*, 14 Gray, 324. *Pond* v. *Negus*, 3 Mass. 230. It is otherwise when a party in custody, in order to obtain liberation, is compelled to assume an obligation greater than that which the law requires of him. *Adams* v. *Brown*, 14 Gray, 579. *Knowles* v. *Davis*, 2 Allen, 61.

The place as well as the time fixed for the examination of the debtor should properly have been inserted in the condition of the recognizance; but the omission to mention the place is not an irregularity sufficient to impair or affect its validity.

*Judgment for the plaintiff.*