## RANDALL *v.* CONWAY.

In an action against a town for injuries upon a highway, the fact that the selectmen's certificate of the laying out of the highway was not returned to the town-clerk, and recorded as required by Gen. St., c. 61, *s.* 14, until after the expiration of thirty days, will not avail the defendants to show that there was no legal highway.

CASE, for injuries from a defective highway. The highway was laid out by the selectmen, and a certificate thereof made and signed by them June 16, 1873, which was returned to the town-clerk, and recorded July 14, 1874. The defendants objected that there was no legal laying out of a highway, because the certificate was not

34*

returned and recorded within thirty days, as required by Gen. St., c. 61, s. 14 (G. L., c. 67, s. 18). The court ruled otherwise, and the defendants excepted. ·

The plaintiff recovered a verdict for $1,600, which the defendants moved to set aside as being excessive. The motion was denied, and the defendants excepted.

*E. A. Hibbard* and *John C. L. Wood*, for the plaintiff.

*Worcester & Gaffney*, *T. J. Smith*, *J. B. Nash*, and *G. W. M. Pitman*, for the defendants.

. BLODGETT, J. In many cases, requirements that proceedings be recorded or certificates filed are regarded as merely directory, and not as steps necessarily precedent to the validity of the act *(Hayes* v. *Hanson*, 12 N. H. 290, *Smith* v. *Bradley*, 20 N. H. 117, *Converse* v. *Porter*, 45 N. H. 385, 389, *Pond* v. *Negus*, 3 Mass. 230, 231, · *Williams* v. *School Dist.*, 21 Pick. 75, 82, *Jackson* v. *Young*, 5 Cow. 269), and the provision of Gen. St., c. 61, s. 14 (G. L., c. 67, s. 18), requiring selectmen to make a return of every highway by them laid out within thirty days, and cause the same to be recorded by the town-clerk, we think is to be so regarded. Doubtless as against a land-owner, or other person entitled to appeal from its laying out, a highway cannot be considered as duly laid out until the return of the selectmen is deposited with the town-clerk for record, and perhaps not for any purpose *(Hayes* v. *Shackford*, 3 N. H. 10, *Greeley* v. *Quimby*, 22 N. H. 335, 339, *Commonwealth* v. *Merrick*, 2 Mass. 529); but in this view the highway here became a legal one long prior to the plaintiff's injury, and the defendants being in no way prejudiced by the failure of the selectmen to make return of its laying out agreeably to the statute, they can take nothing by their objection to its legality.

The exception to the denial of the motion to set aside the verdict as excessive raises no question of law, is not properly here, and will not be considered.

*Exceptions overruled.*

SMITH, J., did not sit : the others concurred.