### . Phelps *vs.* Barton.

A party against whom a judgment for costs is rendered on the reversal of a justice's judgment, is entitled to the protection of the act *abolishing imprisonment*, &c. and is not subject to arrest, if the action in which the judgment in his favor was rendered was founded on *contract*.

If such party be arrested on a *ca. sa.* for such costs, and *escapes*, the sheriff, in action against him for such escape, may plead, in bar of a recovery, the defendant's exemption from arrest.

Error from the Rensselaer common pleas. Phelps sued Barton, sheriff of the county of Rensselaer, in a jutice's court, for the escape of one Van Dyck from the jail of the county, Van Dyck having been arrested on a *ca. sa.* sued out by Phelps, on a judgment for *costs* rendered by the Rensselaer common pleas, on reversing a justice's judgment in favor of Van Dyck against Phelps. The judgment in favor of Van Dyck was in an action of assumpsit on *contract*. The judgment of reversal was signed in February, 1832, on which a *ca. sa.* was issued, by virtue whereof Van Dyck was arrested in March following, and committed to the jail of the county

of Rensselaer, from whence he forthwith escaped, and for such escape the action was brought. At the time of the commencement of the suit of Van Dyck against Phelps, both parties were, and at the time of the trial of the suit of Phelps against Barton, continued to be *residents* of the state. The justice gave judgment for the plaintiff. The common pleas of Rensselaer *reversed* such judgment, and the plaintiff sued out a writ of error.

ALBANY,
Oct. 1834.

Phelps
v.
Barton.

*H. P. & S. S. Hunt,* for plaintiff in error.

*J. Koon,* for defendant in error.

*By the Court,* SAVAGE, Ch. J. The only questions are whether Van Dyck could be imprisoned for the costs of the judgment on *certiorari;* and if he could not, whether the sheriff, in the action for the escape, can avail himself of such exemption. It was decided in *Ray* v. *Hogeboom,* 11 *Johns. R.* 433, that an officer who had process against a person who was privileged from arrest, might execute it or not; he is not bound to take notice of the privilege, but if he chooses to do so, and neglects to execute it, the fact that the person was privileged from arrest is a good defence in an action against him. No wrong is done to a plaintiff; by refusing to arrest a defendant whose body he has no right to arrest. The doctrine of that case, applied here, would be, that though the sheriff would be justified in arresting and imprisoning the defendant Van Dyck, yet he was not bound to do so; and as the plaintiff Phelps had no right to imprison him, the sheriff has done him no wrong by refusing to detain Van Dyck in prison. The only question therefore is, whether the imprisonment of Van Dyck was lawful. The language of the statute is, that "No person shall be arrested or imprisoned on any civil process issuing out of any court of law, or on any execution issuing out of any court of equity, in any suit or proceeding instituted for the recovery of any money due upon any contract express or implied, or for the recovery of any damages for the non-performance of any contract." It is unneces-

sary to take notice of the exceptions in the following sections, as it is not contended that this case falls within any of them. The original suit brought by Van Dyck against Phelps was assumpsit upon contract. Let us suppose that the judgment in his favor before the justice had been affirmed by the common pleas, most clearly no execution against the body of Phelps could have been executed for the *damages* recovered. The prohibition of the statute reaches it in terms. No person shall be imprisoned on civil process issuing out of any court of law, in any suit for the recovery of damages for the non-performance of any contract. Could Phelps have been imprisoned for the *costs*, if not for the damage? That cannot be pretended; the costs are a mere incident to debt or damage recovered. But the language of the statute embraces the whole—no person shall be imprisoned upon any process issued in any suit instituted upon a contract. There is no ambiguity in the expression, and no room for argument or elucidation.

This very question has been decided in 9 *Wendell*, 430. The facts of the case are not given in the report. I give them now. Walker and Skeel sued Richardson in a justice's court, upon a contract for wheat sold and delivered, and recovered a judgment. Richardson brought a certiorari to the Onondaga common pleas, where the justice's judgment was reversed. The costs were taxed, the record signed and filed, and the defendants imprisoned upon a *ca. sa.* for those costs. Upon a motion for that purpose, the court set aside the *ca. sa.* for irregularity, with costs. Richardson made an application to this court for a mandamus to the common pleas of Onondaga, to vacate the rules setting aside the *ca. sa.* Though it was *ex parte*, the motion of an alternative was denied, Mr. Justice Sutherland saying, " This case is clearly embraced within the first section of the act, *Law of* 1831, *p.* 396. The execution was issued in a suit or proceeding instituted for the recovery of money due upon contract." The only difference between the two cases is this: In the case from Onondaga the defendants in error were discharged by the court; in the present case the party left the limits without an order of the court—but in both cases the imprisonment was equally un-

lawful : and as no action lies against the sheriff for refusing to execute illegal process, the present plaintiff had no cause of action against the present defendant.

The justice erred in giving judgment for the plaintiff, and the common pleas were right in reversing it. Their judgment must be affirmed, with double costs. 2 *R. S.* 617, § 24.