Carpentier agt. Willett.

---

## NEW-YORK SUPERIOR COURT.

### James S. Carpentier agt. James C. Willett, sheriff of the city and county of New-York.

In order to justify the *arrest* of a defendant on execution issued upon a judgment obtained against him in a district (justice's) court, in the city of New-York, the justice must state *in the judgment*, and enter it in his docket, that the defendant is subject to arrest and imprisonment.

It is the judicial duty and office of a justice of the peace in trying a cause, to pass upon the question of the defendant's liability to arrest, as definitely as upon that of his liability in the action, *and to embody his judicial conclusion in his judgment.*

There is no provision in the statute (*district court act of April* 1857, *see Howard's Code*, 79), for an inquiry into facts *subsequently* to a judgment, to justify an arrest.

Therefore, where subsequent to the judgment rendered against the defendant, which did not show any right to his arrest, the plaintiff made an affidavit before the justice that the demand upon which the judgment was rendered was for money received by the defendant in a *fiduciary capacity,*

*Held,* that the order of the justice made upon this affidavit, that execution issue against the person of the defendant, was null and void. His judicial power as to the cause, was then *functus officio.*

*Held,* also, that the *sheriff* in an action for escape of the defendant, imprisoned by virtue of such execution, could avail himself of the defendant's illegal arrest and imprisonment.

*New-York General Term, February,* 1860.
*Present,* BOSWORTH, HOFFMAN *and* MONCRIEF, *Justices.*

MOTION for judgment upon a verdict taken subject to the opinion of the court at general term.

The cause was tried before Chief Justice BOSWORTH, and a jury. The jury found a verdict for the plaintiff, and assessed his damage at $275.83, subject to the opinion of the court at general term, and to be heard there in the first instance on the questions at law arising in the case, with liberty to the court at general term, to dismiss the complaint, if so advised, with the same effect as if dismissed at trial term, and exceptions taken by the plaintiff; judgment, in the meantime, to be suspended ; the counsel of both parties consenting at the trial to the verdict being so taken.

The action was against the sheriff of the city and county of New-York, for the escape of Samuel H. Doughty.

On the 12th day of November, 1857, the present plaintiff recovered a judgment against the said Doughty in the third district of the city of New-York, before William B. Meech, Esq., justice of said court, for the sum of $250 damages, and $17.50 costs. On the 15th day of November, 1857, an execution was issued, purporting to be on such judgment, command-

ing any constable, in the usual form, to levy the amount of the goods and chattels of the defendant; and if sufficient goods and chattels could not be found, then commanding said constable to arrest the defendant, and commit him to the jail of the city and county of New-York, the keeper whereof was directed him safely to keep, until he should pay such judgment or be discharged according to law.

On the 18th day of November, 1857, one of the constables of the city arrested the said Doughty, by virtue of the execution, and committed him to the jail of the county, and to the custody of the present defendant, as sheriff of the city and county, and keeper of the jail thereof.

On the same 18th day of November, 1857, Doughty, with two persons as his sureties, gave what is termed a bond for the limits. It was executed to the sheriff, the present defendant, and recited that the said Doughty was a prisoner in his custody as sheriff of the county of New-York by virtue of a *capias ad satisfaciendum*. The following indorsement was on the execution: "Sheriff's return—defendant in custody—J. C. Willett, sheriff."

On the 21st day of November, 1857, Doughty was found off the limits, about seven o'clock in the evening, and the summons in the present action was duly served upon the defendant between eleven and twelve o'clock of the same night.

The record of the proceedings in the case in the third district court was given in evidence, and from this it appears that the present plaintiff sued as assignee of one France for the avails of certain notes belonging to France, deposited with Doughty, after satisfying a demand of Doughty, for securing which the notes had been delivered to him.

It was alleged that Doughty had received the sum of $574.19, exceeding the balance due him by about $300. The complaint demanded judgment for $250. It is needless to state the defence.

The cause was tried on the 12th day of November, 1857. The closing entry of the record for the trial as returned to the court of common pleas upon an appeal, was as follows:

" The parties here rested, and on the same day I rendered judgment for the plaintiff for $250 damages besides costs. Dated, New-York, December, 16, 1857. Subject to amendments. William B. Meech, Justice."

The plaintiff produced in evidence a certified copy of the docket of the judgment in the district court, which so far as it is necessary to transcribe it, is as follows : " J. S. Carpentier, assignee of Thomas France against Samuel H. Doughty. Summons issued 15th September, 1857. Returnable 28th September ; summons returned served in person, 15th September, 1857. Plaintiff appeared in person. Complaint on file. Defendant appears by Mr. Harrington. Answer on file."

Then follows a minute of various adjournments until November 12th. " November 12th, cause tried, and the court thereupon renders a judgment for the plaintiff for damages, $250.00, costs $5.50. Extra costs $12—$17.50—$267.50."

" *Si nul*, ordered to issue by justice, November 13, 1857. *Si nul*, issued November 13, 1857."

There was also produced in evidence, under objection and exception by the plaintiff, the original entry of judgment by the justice of the third district court, in the suit by the plaintiff against Doughty, indorsed on the summons in that action. It is as follows : " Judgment for plaintiff, $250 ; $12 allowance and costs. November 12, 1857, Meech, justice."

The plaintiff's counsel then produced in evidence the following affidavit and indorsement :

" Third district court, James S. Carpentier against Samuel H. Doughty, city and county of New-York, ss. James S. Carpentier, the plaintiff in this action, being duly sworn, deposes and says, that this action was brought to recover money collected and received by the defendant to the use of the plaintiff and belonging to him ; that judgment therein has been rendered for the plaintiff, and that, as appears by the pleadings and proofs in this cause, the said defendant received said moneys in a fiduciary capacity ; to wit. : as a trustee, and refused to pay over the same on demand thereof by the plaintiff ; and

Carpentier agt. Willett.

deponent further saith, that the said defendant is a non-resident of this state, and that since the commencement of this suit, he has made an assignment, as this deponent is informed and believes, of all his property and assets.

" Sworn this 13th of November, 1857, J. S. Carpentier. Before Wm. E. Smith, clerk in court." Indorsed:

" Execution against the body to issue. Wm. B. Meech, justice. November 13th, 1857."

An appeal was taken from the judgment of the district court to the court of common pleas. An undertaking executed upon such appeal was read in evidence by the defendant, under an exception by the plaintiff.

It is not deemed necessary to state the proceedings on that appeal, except that the judgment was affirmed, and that neither the affidavit of Carpentier last mentioned, nor the indorsement upon it, nor the entry " *Si nul*, ordered to issue of November 13th, 1857," nor the entry "*Si nul*, issued November 13th 1857," on the docket, were before the common pleas on such appeal.

> JOHN GRAHAM, *for plaintiff.*
> A. J. VANDERPOEL, *for defendant.*

By the court—HOFFMAN, Justice. The main question is, what is the effect of the omission of the justice to declare in his judgment that the defendant was subject to arrest and imprisonment? The 50th section of the act of April, 1857 (*vol.* 1, *p.* 720; *Howrrd's Code*, 98), entitled, " an act to reduce the several acts relating to the district courts in the city of New-York into one act," applies to the case. It directs that " when a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment and entered in the docket."

It deserves notice in explaining the intent and force of this enactment, that in the old act of 1813 (2 *R. S.* 376, § 98), a provision was made by which, in certain cases, an execution could go against the person, after an inquiry into certain facts

had subsequent to the judgment. But yet the *proviso* appears to enable the defendant to guard against this being done *ex parte*, by claiming an exemption.

Without however determining this point, or more fully entering upon the meaning of that provision, it is important to observe, that by the 30th section of the act to abolish imprisonment for debt, &c., of April the 26th, 1831, it was provided, " that no execution issued upon any judgment rendered by any justice of the peace, upon any demand arising upon contract, express or implied, or upon any other judgment founded upon contract, whether issued by such justice, or by the clerk of the county, shall contain a clause authorizing an arrest or imprisonment of the person against whom the same shall issue, unless it shall be proved by the affidavit of the person in whose favor such execution shall issue, or that of some other person, to the satisfaction of such clerk or justice, either—

1st. " That the person against whom the same shall issue, has not resided in this state for the space of thirty days preceding," &c.

The other cases are then enumerated in which the execution against the body may be allowed.

These provisions appear to allow of evidence being given to satisfy the justice after judgment, and *ex parte*.

The 16th section of the act of April, 1857, first referred to, specifies the cases in which a warrant of attachment may issue to arrest the defendant in commencing the action. They include the case of an agent receiving money in a fiduciary capacity and converting it, and the case of a disposition of property with an intent to defraud his creditors, and also, when the action is for the recovery of damages (in a cause of action not arising on contract), and the defendant is not a resident of the county. The language is similar to some of the provisions of the Code.

Unless the defendant Doughty received the money for which judgment was obtained, in a fiduciary capacity, he was not liable originally to an arrest on anything appearing in the case. And I apprehend that an execution could only be allowed.

against the person, where the defendant could originally have been arrested.

The 25th section of the act provides, that when the defendant has been arrested, an adjournment cannot be had for more than forty-eight hours without his consent, and an adjournment for a longer time discharges him from such arrest; but the action may proceed, notwithstanding, and the defendant shall be subject to arrest on the execution in the same manner as if he had not been discharged. And by the second subdivision of section 52, as to the form of execution, "if it be a case where the defendant may be arrested, it may direct the officer, if sufficient property cannot be found to satisfy the judgment, that he arrest the defendant, and commit him to jail, until he pay the judgment, or be discharged according to law."

There is not in the statute any provision similar to such as I have referred to in previous acts, for an inquiry into facts subsequently to a judgment, to justify an arrest. There is in the eighty-first section a positive repeal of every law or rule in any case provided for by the act, or inconsistent with its provisions; and no law or rule is to be deemed retained because it may be consistent with the provisions upon the same subject in the act, saving rights existing or accrued, or proceedings already taken.

It appears to me that the enactment in question has assigned to the justice trying a cause under it, as part of his judicial duty and office, the obligation and necessity of passing upon the question of the defendant's liability to an arrest, as definitely as upon that of his liability in the action, and to embody his judicial conclusion in his judgment. If the defendant has been originally arrested, upon grounds apparently sufficient, he may have upon the trial the opportunity of disproving them, and showing their insufficiency. If he has not been arrested, still more important and more reasonable is it, that he should have the opportunity of shaping his defence to this point also, upon the trial; of having it determined upon the evidence there given, and the case there made, and of having the right

to review a judgment against him on this point, as well as on any other, by his appeal.

We are bound to assume that the justice ordered the execution against the person on the ground of the money being received in a fiduciary capacity. There was nothing else in the facts stated in the affidavit, which could have warranted it, and yet that question would be open to serious doubts, and might have been decided differently on the appeal had it been brought up.

The decision of the point of the subjection to arrest was part of the justice's judicial labor and duty. When he gave judgment on the 12th day of November, he had not made up his mind (as we are justified in assuming) upon this point, and perhaps it had not been suggested that the defendant was liable to arrest. "There can be no judgment even by legal implication, either in substance or in form, till a judicial conclusion is made by the justice." (6 *Hill Rep.* 41.) Equally clear is it, that there was no judgment stating that the defendant was subject to arrest made on the 12th of November, and that the order made the next day on an affidavit, was not a judicial conclusion on the case tried before the justice. He had tried the case on the 12th day of November. His judicial action on what he had tried was complete. On this particular subject he had reached no result judicially when he gave judgment.

It seems to me that the letter, the spirit, and the apparent object of the enactment referred to, all declare the statement in the judgment to be a judicial act, essential to the right to arrest, and not merely ministerial and attendant upon a judgment. The cases of *Watson* agt. *Davis*, 19 *Wend. R.* 371; *Young* agt. *Runnel*, 5 *Hill Rep.* 60; *Hull* agt. *Tuttle*, 6 *Hill Rep.* 38; and *Sibley* agt. *Howard*, 3 *Denio Rep.* 72, appear to me to warrant this conclusion. What was done on the 13th day of November was done when the justice, as to that cause, was, for all judicial power, *functus officio*, and his act was void, not merely irregular. The question as to a statute being directory or mandatory does not arise.

2d. The next question is, has the sheriff a right to avail himself of this matter as a defence to the present action ?

It seems to me, that the cases cited by the defendant's counsel, and particularly that of *Phelps* agt. *Barton* (13 *Wend. Rep.* 68), settle this question fully in his favor.

So in *Constant* agt. *Chapman* (2 *Queen's Bench Rep.* 771), it was expressly decided, that when the marshal of the prison was sued for an escape, the defence was open to him that the party was not legally in custody at the time of the escape, and the case goes far to determine that receiving a prisoner with knowledge of the facts showing the illegality, is not enough to charge the marshal, though he detains the prisoner against his will, which would have been unlawful.

The view thus taken, disposes of the necessity of examining any of the defendant's exceptions to the rulings of the judge.

There are three exceptions of the plaintiff to be noticed.

The admission of the original entry of the judgment indorsed on the summons, was in our opinion proper. The entry is the judgment, and from that the clerk makes in his docket the entry required by section 59, subdivision 8, page 723.

The court admitted in evidence the undertaking given on the appeal to the court of common pleas, and also proof of the service of such undertaking on the defendant, to which exceptions were taken.

The sufficient reply to this is, that the court orders the complaint to be dismissed, because the judge should have done so on the trial, and orders it on the sole ground that the judgment of the justice does not state that the defendant was liable to arrest and imprisonment, and the case (under the stipulation) is to be altered so as to show that a dismissal was ordered at the trial, and that the plaintiff then excepted.

The complaint must be dismissed with costs.