## CARPENTIER *v.* WILLET.

December, 1864.

Affirming 6 *Bosw.* 25.

Whenever the process by which one is arrested is void, no action lies for his escape, for the creditor has no just ground of complaint that the person of his debtor is not holden in custody by it.*

Under *L.* 1857, c. 344, § 50,—providing that when judgment in a district court of the city of New York " is rendered in a case where the defendant is subject to arrest and imprisonment therein, it must be so stated in the judgment and entered in the docket,"—the justice must adjudge that it is a case in which the party is subject to arrest, and the right to arrest must be stated in the judgment. The duty is judicial in its nature, and the statute is imperative, not directory.

Hence if the right to arrest be not passed upon by the justice, he cannot on another day order execution to issue against the person; and an execution issued on such an order is void, and affords no protection to the officer.

The judges of district courts have no power to amend their judgments in anything requiring the exercise of discretion. Having rendered judgment, they are from that time mere ministerial officers.

James S. Carpentier sued James C. Willet, sheriff, &c., in the New York superior court, for escape of one Doughty from imprisonment on an execution, by which he was arrested, and committed to the custody of defendant, as sheriff of New York.

On September 15, 1857, plaintiff, as assignee of one Thomas France, brought a suit against Doughty in the third district court of the city of New York, for the conversion of certain promissory notes or their proceeds. After successive adjournments, the cause was tried; and November 12, 1857, the justice rendered judgment against Doughty for two hundred and fifty dollars, damages, and seventeen dollars and fifty cents, costs, and the same was entered on the docket. It was not stated in this judgment that Doughty, the defendant, was subject to arrest and imprisonment thereon. The day following the rendition of the judgment, the plaintiff in that suit made affidavit " that

---

* See Smith *v.* Knapp, and Wilckens *v.* Willet, in this series.

Carpentier *v.* Willet.

judgment had been rendered for the plaintiff," &c., and on that affidavit the justice indorsed: "Execution against the body to issue. William B. Meech, Justice, November 13, 1857." The clerk noted in the docket this order of the justice, and issued execution accordingly, to a constable, who made the arrest by virtue thereof, and committed the prisoner to the sheriff's custody.

On the trial of the present action the complaint was dismissed, and judgment thereon was affirmed by the court at general term. Reported in 6 *Bosw.* 25. Plaintiff appealed to this court.

*John K. Porter,* for plaintiff, appellant.

*Aaron J. Vanderpoel,* for defendant, respondent.

BY THE COURT.—WRIGHT, J.—If the process by virtue of which Doughty was arrested and imprisoned was void, an action for his escape could not be supported. That the process is void is a defense to the sheriff, upon the principle that having no right to detain the defendant, the creditor has lost nothing by the escape. Phelps *v.* Barton, 13 *Wend.* 68; Horton *v.* Hendershot, 1 *Hill,* 118; Albee *v.* Ward, 8 *Mass.* 79; Contant *v.* Chapman, 2 *Gale & D.* 191; 2 *Q. B.* 771. The question, therefore, is, was the execution by which Doughty was taken issued with or without authority? If unauthorized he was not legally in custody, and the plaintiff cannot complain that the officer suffered one unlawfully detained to escape.

[Here the learned judge stated the facts relating to the arrest, as above.]

The proceeding is claimed to be without legal justification, and I think rightly.

The act of April, 1857, entitled "An act to reduce the several acts relating to the district courts in the city of New York into one act," provides as follows: "When a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment and entered in the docket." 1 *L.* 1857, c. 344, p. 720, § 50. This means that the justice must adjudge that it is a case in which

the party is subject to arrest, and the right to arrest must be stated *in* the judgment; in other words, form a part thereof. It is a part of his judicial labor and duty. The provision cannot be regarded as merely directory as to the mode of proceeding or preserving the records of the district court, the duty being judicial in its nature. The statute requiring the act to be done is imperative. Brackett *v.* Eastman, 17 *Wend.* 32 ; Sibley *v.* Howard, 3 *Den.* 72. It is a limitation of jurisdiction, and not a statutory direction to the officers of the court. If the provision related exclusively to the ministerial act of making an entry in the docket (which in this case was to be done by the clerk), it would be otherwise. It was no part of the judgment rendered on November 12, that Doughty was subject to arrest and imprisonment. The right to arrest was not passed upon by the justice. However, the day following the rendition of the judgment, on an affidavit of the plaintiff that Doughty had received the money for which the judgment was obtained in a fiduciary capacity, the justice ordered execution to issue against his person. This subsequent proceeding cannot be supported. On November 13, the justice had no jurisdiction to act. He was *functus officio*. What he did was not merely irregular, but void. He had no more right to order an execution to issue against the person on the day after he had rendered judgment than he would have had three months thereafter. The district courts are of limited jurisdiction, and can only act in the mode pointed out by statute. We shall look in vain for any provision in the act of 1857, remodeling these courts and their jurisdiction, for authority for this latter proceeding. There is nothing authorizing the justice to issue an execution against the person upon being satisfied by evidence after judgment and *ex parte* that the case is one for the arrest and imprisonment of the defendant. On the contrary, this feature of the non-imprisonment act of 1831 was expressly repealed as to the district courts in New York by the district court act of 1857. *L.* 1831, c. 300, p. 403 ; *L.* 1857, c. 344, § 81. Altogether another jurisdiction was conferred. It was made as much the duty of the justice to pass upon the defendant's liability to an arrest as upon his liability in the action, and to embody his judicial conclusion in his judgment. Not having

done this when the judgment was rendered, he could not afterward amend in this respect.

The district courts have no power to amend their judgments, even if the proceedings of November 13 could be regarded as an attempt to amend. They can do nothing requiring the exercise of discretion. Having rendered judgment, from that time they are mere ministerial officers. But even if the power to amend existed, what was done the day following the rendition of the judgment was of no avail and void. The statute prescribes that the defendant may be arrested and imprisoned in certain cases, and that the right to arrest shall be stated *in* the judgment, that is, shall form a part thereof; and no other order or form of order will satisfy this requirement. When it is stated in the judgment it is the subject of review on appeal; and it is the only way in which the question may be reviewed on appeal. It was manifestly intended by the provision to secure to the defendant the right of appeal from an adjudication of the inferior court involving his personal liberty. Cases are specified in the statute where the defendant is subject to arrest and imprisonment (§ 16), and if it be a case where the defendant may be arrested, the execution issued by the clerk for the enforcement of the judgment may direct the officer to arrest and commit him to the jail of the county, until he pay the judgment, or be discharged according to law. § 52. This execution issues of course; and there is no provision, as in the non-imprisonment act of 1831, for ascertaining, by proof *ex parte* after judgment, whether it be a case for an execution against the body; nor was any necessary. It was not left to the discretion of the justice or clerk, from which there could be no appeal, to determine upon an *ex parte* hearing after judgment, whether it was a case, under the statute, in which an execution should go against the body. It must be determined by the judgment rendered in the action whether it be such a case, or there is no provision for determining it at all, and being made a part of the judgment, the right of appeal on this ground is secured to the defendant.

I am of the opinion, therefore, that the case was properly disposed of in the court below. Doughty was arrested and detained by void process, and no action can be maintained by the

plaintiff against the defendant, as sheriff, for suffering him to escape. I believe the proposition to be universally true that whenever the process by which one is arrested is void, no action can be supported for his escape. When the process is void the creditor has no just ground of complaint that the person of his debtor is not holden in custody by it.

The judgment of the supreme court should be affirmed.

MULLIN, J., delivered an opinion to the effect that the process was not void; but that the sheriff could show, in justification, that Doughty had not been proved guilty of a conversion, and therefore plaintiff was not entitled to execution against the person.

A majority of the judges concurred with WRIGHT, J.; HOGE-BOOM, J., not voting.

Judgment affirmed, with costs.