Robinson v. Kinne.

---

ROBINSON v. KINNE, appellant.

*Waste, action of — treble damages — evidence.*

The Code does not abrogate the right to recover treble damages in actions of the character of the former action of *waste*. It is not necessary for the complaint in an action of waste to contain a reference to the statute or provision for treble damages, to entitle the plaintiff to such damages.

A witness for plaintiff was asked " what amount of permanent injury have these premises sustained by neglect?" He answered: " I should think $2,000." *Held* (following *Van Duesen* v. *Young*, 29 N. Y. 9) inadmissible.

A recovery for waste is limited to the amount of damage to the freehold. The statute in regard to waste will not excuse a defendant from treble damages, because he had good reason to believe the land to be his own.

APPEAL from a judgment for plaintiff entered upon the report of a referee.. The facts appear in the opinion.

*E. G. Lapham*, for respondent, cited Phill. on Ev. 231; Cow. & Hill's Notes, 157, 585–606; *Martin* v. *Simpson*, 4 McCord, 242;

*Wilcox* v. *Green*, 23 Barb. 639; *Decker* v. *Myers*, 31 How. 372; *Armstrong* v. *Smith*, 44 Barb. 120; *Van Deusen* v. *Young*, 29 N. Y. 9, 36; 2 R. S. 336, § 18; *People* v. *Davidson*, 4 Barb. 109; 2 R. S. 338, §§ 1, 2; *Storm* v. *Mann*, 4 Johns. Ch. 21; *Church* v. *Brownson*, 7 id. 227; *Kidd* v. *Dennison*, 6 Barb. 9; 7 Pick. 152; 20 Mass. 303; 15. id. 164; 26 Barb. 409; Will. Eq. Juris. 371; *McCay* v *Waite*, 51 Barb. 225; *Robinson* v. *Wheeler*, 25 N. Y. 252.

*S. R. Ten Eyck*, for respondent.

TALCOTT, J. This is an action for waste brought by the remainder-man against the grantee of the tenant in dower. The referee has found the defendant guilty of several acts of waste particularly specified in his report, the damages resulting from each being particularly specified. The referee has trebled the amount of the damages thus found, and ordered judgment for the plaintiff for such treble damages. The important question in this case is, whether the plaintiff is entitled to recover these treble damages. The counsel for the defendant contends, that the right to recover treble damages in actions of this character was abrogated by the Code. The Code, it is true, abolishes the action of waste *eo nomine*, but in the same section provides, that " wrongs heretofore remediable by action of waste are subjects of action as other wrongs, in which action there may be judgment for damages, forfeiture of the estate of the party offending and eviction from the premises." Code, § 450. And the next section (451) provides, that "the provisions of the Revised Statutes relating to the action of waste shall apply to an action of waste brought under this act, without regard to the form of the action so far as the same can be so applied." The Revised Statutes provide (2 R. S. 335, § 10) in reference to the action of waste : "If the action be brought by any other than a joint tenant or tenant in common, the judgment shall be that the plaintiff recover the place wasted, and treble the damages found by the jury." There seems to be no difficulty in applying this provision as to damages to an action under the Code, so that it comes within the express language of section 451, above referred to. The complaint contains no reference to the statute or the provision for treble damages, nor is this necessary in an action of waste. It is true it has been held in several cases that in an action for trespass on lands, in order to entitle the plaintiff to treble damages, the

action must appear to be founded on the statute. *Newcomb* v. *Butterfield,* 8 Johns. 342; *Livingston* v. *Platner,* 1 Cow. 175; *Brown* v. *Bristol,* id. 176; *Benton* v. *Dale,* id. 160. But the reason for this necessity arises out of the fact, that, in such cases, the defendant is excused from all but single damages if the trespass was casual or involuntary, or if he had reason to believe the land was his own, or if the wood, trees or timber were taken for the purpose of making or repairing any public road or bridge by authority of a commissioner or overseer of highways. 2 R. S. 338, § 2. At all events, this is the reason given for the adoption of the rule by the cases referred to. In the action for waste, there are no such exceptions to the right to recover treble damages. And, in that action, it was held, that any reference to the statute was unnecessary. *Carris* v. *Ingalls,* 12 Wend. 70.

The defendant's counsel also claim, that witnesses were allowed to express an opinion as to how much the property was permanently injured by neglect. This is clearly so; for instance, the witness Dey was asked, "What amount of real, permanent injury have these premises sustained by neglect?" This was objected to on the part of the defendant as incompetent, and, also, that the witness did not appear to be qualified to give an opinion. The objection was overruled, and the witness answered, "I should think it would be $2,000." That this was clearly erroneous has been held by the court of appeals in a similar action. *Van Deusen* v. *Young,* 29 N. Y. 9.

It is claimed, on the part of the plaintiff, that the referee disregarded this and similar statements of other witnesses, and, therefore, that the defendant was not injured by the error. But this is not at all certain. It is true, that the referee did not find any such amount of damages, but that may have been because he held that, for certain neglects, as specified by him, the defendant was not liable, because they did not constitute waste. The referee held these opinions admissible. And, it is to be presumed, having held them to be proper evidence, they were allowed to influence his mind to some extent, unless the contrary most clearly appears affirmatively. The referee finds, in his report, that the acts found by him permanently damaged the dower lands to the amount of the respective sums found by him.

A recovery for waste is limited to the amount of damage to the freehold or inheritance. *McCay* v. *Waite,* 51 Barb. 225; *Harder* v. *Harder,* 26 id. 409; *Van Deusen* v. *Young, supra.* The referee

seems to have used the expression "permanently damaged" as the equivalent of damage to the inheritance. This may perhaps be equivocal. At all events, it would have been quite proper to have used more precise language.

We do not see that it was at all material to the case, that the defendant claimed to own, by another title, that portion of the lands on which certain walnut trees were cut, and which cutting was found to be waste. The statute in regard to waste, as we have seen, does not excuse the defendant from treble damages because he has good reason to believe the land to be his own. The question was, whether the *locus in quo* was in point of fact a part of the dower lands, or whether the defendant was estopped from denying that they were such.

Although the referee has evidently taken great pains, in the final disposition of this case, to dispose of it correctly, and might possibly have arrived at the same conclusion without the objectionable evidence, we are, nevertheless, constrained to order a new trial on account of its erroneous reception.

New trial ordered, costs to abide the event. New referee to be substituted.