### RAY AND OTHERS *against* HOGEBOOM.

IN ERROR, on *certiorari*, from a justice's court. *Hogeboom* sued *Ray*, who was a constable, and the other defendants, who were his sureties, for the escape of one *Traver*, on an execution. It appeared that *Ray* took *Traver* on an execution, at the suit of *Hogeboom*, and delivered him over to another constable to convey to jail; but neglected to deliver over the execution, whereby *Traver* was discharged. It was admitted, or proved, that when *Traver* was taken, he was a soldier in the army of the *United States*, and that the execution was under twenty dollars. *Hogeboom* obtained judgment before the justice for the amount of the execution.

*Where a soldier, privileged from arrest, was taken in execution by a constable, who suffered him to go at large, it was held, that though the constable was not bound to take notice of the privilege of the party; yet it was a good defence, in action, for the escape; as the plaintiff, having no right to arrest, had suffered no injury or wrong.*

SPENCER, J. delivered the opinion of the court. The judgment must be reversed. The constable was not bound to notice the fact, that *Traver* was protected from arrest; but if he chooses to notice it, or neglects to take a person privileged from arrest, and can show that he is so privileged, it is a good defence in an action against him. No wrong or injury has been

NEW YORK, done to *Hogeboom.* He had no right to arrest the body of
October, 1814. *Traver;* and having no right to do so, he cannot found any
JACKSON action on the neglect to execute his writ.
v.
HARROW.

Judgment reversed.