This suit is brought here from the Superior Court of the county of Adams, upon an order of that court, directing that it be transferred to the Supreme Court. It is now moved to remand it, in as much as it has come into this court, in such a manner, that the court cannot take cognizance of it.
How far courts of appeals can take original jurisdiction of causes, has been much litigated in the courts of the United States, and of the several states, but no case similar to the present, has so far as I have observed, been presented for adjudication. The constitution of the United States, confines the original jurisdiction of the Supreme Court, to particular enumerated cases, and in all other cases, it has appellate jurisdiction only. In the case of Marbury vs. Madison, that court decided, that they could not take oiiginal cognizance of cases, not particularly enumerated in the constitution, notwithstanding congress may have given them the power. The constitution of Kentucky, contains a similar provision to that in the constitution of the United States, respecting their court of, appeals, and in the case of Morgan against Rogers, reported in Hardin, a like decision took place.
In Virginia, in the case of M’Call vs. Peachy, reported in 1st. Call. *65 ¡t lias been decided, that an appeal will not lie from the high court of chancery, to the high court of appeals, until after a final decree, though the parties consent thereto. Some doubts may exist, as to the soundness of this last decision. The reasoning of Washington, is more satisfactory to my mind, than that on which the judgment was founded. He contended, that where the court has not original jurisdiction of the subject matter of the cause, there, consent cannot give it, but where the court has eventual jurisdiction of the subject, then consent may submit the cause to their jurisdiction.
However, all those cases are materially different from the present. That in the Supreme Court of the United States, and that in the state of Kentucky, were cases, in which it was attempted to give original jurisdiction , to courts of appellate jurisdiction only, without the consent of parties, or the cause having originated in an inferior court. In the case in Virginia, the superior court, from which the cause was brought, had no power in any case whatever, or under any circumstances, to transfer a suit to the court of appeals, until after final judgment below. The constitution of this state, does not define the jurisdiction of the Supreme Court, but leaves that to the legislature. The statute organizing the Supreme Court, declares, that no cause shall be removed therein, until after final judgment in the court below, with this exception, that where the judge or judges in the court below, shall doubt as to the law or rule of decision, in that case, he or they may respite the final judgments, and refer the question to the Supreme Court for their determination. Here then is one case, in which a cause can be transferred into this court, before a final judgment in the court below, with or without the consent of parties. But in the present case it is contended, that the cause is improperly in this court, in as much as the order transferring it is a general one, from which it does not appear, that the judge below doubted as to the law or rule of decision, or for what cause it was sent up, I think it is enough, that the court below has the power of transferring cases before final judgment, for any cause, to authorize them to make a general order for that purpose, nor do I consider the court below bound to state the reasons which induced them to make the transfer, nor is it the province of this court to enquire whether doubts did exist in the mind of the court below, or whether those doubt* *66 were well founded, or oven a suggestion-to the contrary. It is sufficient that the court below is authorized to make an order, Sending a case up to this court before final judgment, and it is not to be supposed, that the court below would make the transfer; upon reasons unauthorized by law.
As there is no consent appearing in this case, it would be unnecessary to consider, how far that would alter the case: I would however observe, that, though consent cannot m some eases give jurisdiction, yet the want of consent cannot take away-jurisdiction, when-it is-in conformity with the law. I am therefore of opinion that the cause is properly here.