Thompson<br>*vs.*<br>Wilson.

*Plaintiff nonsuit.*

---

CHESHIRE, OCTOBER TERM, 1820.

ISAAC GREEN *vs.* TIMOTHY A. EDSON.

A sheriff, who arrests upon an execution a person privileged from arrest, and voluntarily lets him go at large, is not liable for an escape.

THIS was a writ of error to the court of common pleas in this county. The original action was debt, brought by *Green* against *Edson*, late sheriff of the county of Grafton, for the escape of one *Simon P. Hoffman*, who had been arrested by one of *Edson's* deputies on an execution in favor of *Green*, and was tried in the court below upon the plea of *nil debet*, when the jury returned a special verdict as follows. " The jury find that the several facts set forth in the plain- " tiff's declaration are true in manner and form as is therein " pleaded, except as is hereinafter mentioned; the jurors " also find that the said *S. P. Hoffman*, on the 7th Septem- " ber, 1814, was a private soldier duly enlisted into the ar- " my of the United States, and on the 2d Tuesday of March, " 1814, took the oaths by law prescribed to be taken by " private soldiers of the United States' army; that on the " seventh day of September, aforesaid, the said *Ziba Hunt-* " *ington*, being a deputy of the said *T. A. Edson*, sheriff, &c. " and then having in his possession the said execution of the " said *Isaac Green* against the said *S. P. Hoffman*, by virtue " thereof, at Lebanon, arrested the body of the said *Hoffman* " and had him in custody; that the said *Hoffman* was then " in the company of a United States' officer, who then and " there forbid the said *Huntington* from holding said *Hoff-* " *man* as a prisoner by virtue of said execution, and order- " ed the said *Hoffman* to go with him the said officer, which " order the said *Hoffman*, with consent of said *Huntington*,

Green
*vs.*
Edson.

" obeyed, and no further proceedings were had by said
" *Huntington* in said execution."

Upon this verdict, the court below rendered judgment in
favor of the said *Edson,* upon which *Green* brought his writ
of error and assigned for error that the judgment was ren-
dered in favor of the said *Edson,* whereas it ought by law
to have been rendered in favor of him the said *Green.*

*Chase,* for the plaintiff in error.

*Flanders,* for the defendant.

Richardson, C. J. delivered the opinion of the court.

(1) Cap. 146,
sec. 2.

The statute of the 12th congress of the United States,(1)
which statute was made December 12, 1812, provides, "that
" during the continuance of the war with Great Britain, no
" non-commissioned officer, musician, private, &c. enlisted
" in the service of the United States, during his continuance
" in service, shall be arrested, or subject to arrest, or to be
" taken in execution for any debt contracted before or after
" enlistment."

The first question made in this case is whether the spe-
cial verdict finds with sufficient certainty that *Hoffman* was
at the time of the arrest a soldier in the service of the Uni-
ted States. It is found that on the day when the arrest was
made he was " a private soldier duly enlisted into the army
of the United States," and we have no doubt that it must be
intended that he was in the service of the United States at
the time of the arrest. For if he were not in service, it is
impossible that there could have been any doubt as to the
legality of the arrest, and the court below would not have
suffered a special verdict to be taken. *2 Roll. Ab.* 696, *li.*
50.

It is contended on the part of the plaintiff in this case,
that although the sheriff was not bound to arrest *Hoffman,*
yet having arrested him, he was bound to commit him. But
we are of opinion that the law is not so. If after the ar-
rest, the officer was satisfied that *Hoffman* was privileged
from arrest, he might well let him go at large, but in so do-
ing he took the risk of his being privileged from arrest.—
For if the prisoner had turned out not to have been privi-

leged, he would without doubt have been liable for an escape. The case of *Ray and others vs. Hogeboom,*(1) is an authority directly in point.

*Judgment affirmed.*