Munger *v.* Hess.    .

## MUNGER *vs.* HESS.

Where a complaint set forth an agreement between the parties, by which the defendant promised to take, and vend, certain goods belonging to the plaintiff, and to account to the plaintiff, at certain stipulated prices, for all that he should sell of the same; and that he should receive, for his services, all sums which might be realized upon the sale of the goods, over and above the stipulated prices, and should return to the plaintiff the goods which he might not be able to sell, in good order; but there was no allegation of a conversion; and the complaint, after alleging a demand of the defendant that he would return the goods or account for the avails, pursuant to the

Munger *v.* Hess.

agreement, alleged as a breach, that the defendant had neglected and refused to account, &c.; *Held* that the action was upon *contract*, and not for a tort; and that *infancy* constituted a good defense.

A finding of a referee, in such a case, that on &c. (before the defendant was of lawful age) the plaintiff demanded of the defendant that he should return the goods, and that the defendant *has not returned them*, is not a finding of a conversion; nor will the facts justify such a finding.

Under such circumstances, there is no ground for the application of the principles of confirmation or ratification, after the defendant became of age; where it does not appear that he did any act whatever, or that any demand was made of him, after he attained his majority; or that the unsold goods were not still in his possession, safe and uninjured, at the time the action was commenced.

APPEAL from a judgment entered upon the report of a referee. The action was upon contract. The referee found that in December, 1854, the parties entered into an agreement, by which the defendant should take and vend certain goods, wares and merchandise, the property of the plaintiff, to be delivered by the plaintiff to the defendant, and should account to the plaintiff, at certain stipulated prices, for all that he should sell of the same; and should receive for his services all sums which might be realized upon sale of the same, over said stipulated prices; and should return the goods which he might not be able to sell, in good order, to the plaintiff. The referee also found that the plaintiff delivered the goods to the defendant; that the defendant sold a portion of the goods, of the value of $36, and that he paid to the plaintiff $4, and had in his possession, unsold, in March, 1856, goods of the value of $114.80. He also found that in March, 1856, the plaintiff demanded of the defendant that he should return said property. He also found that the defendant did not return any part of the property to the plaintiff. The action was commenced November 10, 1856. The defendant became 21 years old April 6, 1856. The referee found, as a conclusion of law, that the plaintiff could not recover, by reason of the infancy of the defendant at the time the agreement was made.

---

Munger *v.* Hess.

---

*E. B. Hinsdale*, for the plaintiff.

*C. Danforth*, for the defendant.

*By the Court*, MARVIN, J.   The judgment must be affirmed. Infancy constituted a defense.   The plaintiff's counsel has attempted to put the case upon the ground of a conversion of the goods, but in this he fails.   The action is upon contract. The complaint is clear and specific.   There is no allegation of a conversion.   After alleging a request and demand of the defendant, that he would return the goods, or account to the plaintiff for the avails thereof pursuant to the agreement, the breach is alleged, viz: that the defendant has neglected and refused, and still neglects and refuses to account therefor, &c.

Nor does the referee find facts sufficient to charge the defendant as for a conversion of the goods; or. rather, he does not find any conversion.   He finds that the plaintiff, in March, (before the defendant was of lawful age,) demanded of the defendant that he should return the goods; and that the defendant has not returned them.   If my goods are in the possession of another, and I demand them, and he refuses to deliver, this is evidence simply of conversion.   It is evidence, unexplained, that the possessor sets my claim at defiance, and that he claims the goods.   And from such evidence, a conversion may be found.   But the refusal to deliver is not itself a conversion: it is simply evidence from which a jury may find that there was a conversion.   In the present case the referee has not found that there was any conversion by the defendant.   Nor did the facts, as he states them, justify, in my opinion, his finding any conversion, assuming the defendant to have been an adult.   The goods were delivered to the defendant, an infant, upon a special agreement by which he was to sell and account for the goods; or he was to return to the plaintiff those which he should not be able to sell.   The plaintiff demanded that he *should return* the goods (not sold.)   The plaintiff required the defendant to do some act which was con-

sistent with the contract, and the defendant neglected to do the act. There may have been a breach of the agreement, in neglecting to return the goods; or there may not have been a breach. The defendant may have insisted that he should be able to sell the goods. There was undoubtedly a breach of the agreement in neglecting to account for and pay over the amount, $36, received for goods sold. But there is no finding of any conversion. From aught that appears in the case the goods unsold remain to this day in the possession of the defendant, unused and as they were delivered to him. It was a part of the agreement that he should, in a certain event, return to the plaintiff the unsold goods. Infancy was as valid a defense to this part of the agreement as to any part of it. The plaintiff, however, if the defendant refused to perform the agreement, could go and take the goods himself. And if he demanded them, and the defendant refused to deliver them, without any just cause for the refusal, a jury or referee might, in the case of an adult, and perhaps in this case, find a conversion. The referee has not found such facts; nor has he found a conversion from the facts he states. He has simply found that the defendant has not *returned* the goods.

It may be well to notice, a little further, the position of the plaintiff's counsel. He assumes that he established a cause of action, as for a conversion of the goods, and then argues that though the form of the action be *ex contractu*, if in substance it be *ex delicto*, infancy is no defense; and he cites *Bristow* v. *Eastman*, (1 *Esp. N. P. C.* 172.) In that case the action was assumpsit for money had and received, to recover money which the defendant had *embezzled;* and it was held that though the action was in its form *ex contractu*, yet it was in substance an action *ex delicto*, and that the infant should not escape from his liability for the tort. That case has no application to the present case. Kent, (2 *Com.* 241,) says, "Infants are liable in actions arising *ex delicto*, whether founded on positive wrongs, as trespass or assault; or constructive torts, or frauds. But the fraudulent act, to charge

him, must be wholly *tortious;* and a matter arising *ex contractu,* though infected with fraud, cannot be changed into a tort, in order to charge the infant in trover, or case, by a change in the form of the action. He is liable in trover, for *tortiously converting* goods entrusted to him, and in detinué, for goods delivered upon a special contract for a specific purpose; and in assumpsit for money which he has fraudulently embezzled."

In the present case, there is no ground for the application of the principles of confirmation or ratification after the defendant attained his majority. It does not appear that he did any act whatever after he attained the age of twenty-one. The goods were delivered to him, upon a special contract, when he was an infant, and there is nothing, appearing in the case, to show that all the goods not sold while he was an infant, were not in his possession, safe and uninjured, at the time the action was commenced. And for aught that appears, had the plaintiff called for the goods after the defendant became of age, he would have received them. The plaintiff should have taken some steps other than those appearing in the case, before commencing his action, for the purpose of putting the defendant in the wrong, or giving him an opportunity to discharge himself of the trust by delivering the goods to the plaintiff, or suffering the plaintiff to take them.

The judgment is affirmed.

[ORLEANS GENERAL TERM, September 13, 1858. *Grover, Marvin* and *Davis,* Justices.]