JAMES S. CARPENTIER *v.* JAMES S. WILLET, Administrator of James C. Willet, sheriff, deceased.

Where a judgment is rendered in a case where the defendant is subject to an arrest and imprisonment, it should be so stated in the judgment, if the plaintiff wishes to avail himself of such remedy.

The subsequent indorsement by the justice that execution against the body is to issue, is not sufficient. Such entry, to be available, must be entered in and become a part of the judgment.

The sheriff when sued for an escape may avail himself of the defense, that the defendant was not subject to arrest on the execution.

THE action was for the escape of one Doughty, who was committed to the custody of the late James C. Willett, sh eriff of New York, under an execution issuing out of the third district court of the city.

On the trial it appeared, that on the 12th November, 1857, the plaintiff recovered judgment against Samuel H. Doughty for $267.50, in the third district court of the city of New York. The plaintiff sued as the assignee of one Thomas France, and stated the following cause of action : On the 2d May, 1857, Doughty held a judgment against Alfred S. Bates and Thomas France, amounting on that day to $369.18. France paid Doughty $100 in cash thereon, and delivered to him as collateral security for the balance, $269.18, and inter-est to grow due thereon, and costs, three promissory notes not due, against third parties, one for the sum of $159.41 ; another for $232.28 ; and another for $212.50. About the same time, France sold and assigned to the plaintiff the promissory notes so delivered to Doughty, subject only to the claim of the latter, for the sum of $269.18, residue of his judgment, with interest and costs. Upon the notes becoming due, they were paid to Doughty in full ; after such payment the plaintiff applied to Doughty for the promissory notes, or for the payment to him of the balance of their proceeds (about $300) after deducting the amount due to Doughty ; but Doughty refused to deliver to him the promissory notes or either of them, or to pay to him the proceeds of said notes, or any part thereof. Doughty appeared in the action and answered. The cause

was tried, and, as stated, on 12th November, 1857, the justice rendered judgment for plaintiff for $250 damages, the extent of his jurisdiction, and $17.50 costs. On the 13th November, 1857, the justice, on an. affidavit of the plaintiff, ordered an execution to issue against Doughty's body ; and, on 15th November, execution was issued accordingly, and Doughty was arrested and delivered into the custody of the sheriff. On the 18th November, the sheriff took from Doughty, and sureties, a bond for the liberties established for the jail of the city and county of New York. On the evening of the 21st November, at about 7 o'clock, Doughty was seen by France, at his home in Hudson City, in the State of New Jersey; about 8 o'clock of the same evening, France informed the plaintiff of the fact; and the latter immediately made out the summons in this suit, and a copy, and delivered them to France, to be served, and France duly served the summons on the defendant about 11 o'clock of the same evening.

On the 19th November, 1857, Doughty appealed to the Common Pleas from the judgment of the district court. On that day, he served upon the justice a notice of appeal, and the undertaking required by law, which was approved by the justice, and at the same time paid the costs, and also the fee for return. It was not stated in the judgment of the justice, that the defendant was subject to arrest thereon.

At the close of the testimony, the defendant moved for a nonsuit on the following grounds : 1st. That no judgment has been produced or shown by the plaintiff, authorizing the arrest of Doughty. 2d. That the execution is wholly void, and the defendant was not bound to keep the prisoner. 3d. That no escape is shown to have existed at the time of service of the process on the sheriff. 4th. That the appeal and undertaking, and approval thereon, suspended or superseded the right to detain the defendant, Doughty, in custody.

The court granted the motion, and ordered a dismissal of the complaint, to which decision the plaintiff excepted.

Judgment having been entered accordingly against the plaintiff he appealed to the General Term, where the same was affirmed; and he now appeals to this court.

*J. K. Porter*, for the plaintiff.

*A. J. Vanderpoel*, for the defendant.

WRIGHT, J. If the process by virtue of which Doughty was arrested and imprisoned was void, an action for his escape could not be supported. That the process is void is a defense to the sheriff, upon the principle that having no right to detain the defendant, the creditor has lost nothing by the escape. (*Phelps* v. *Barton*, 13 Wend., 18; *Horton* v. *Hendershot*, 1 Hill, 118; *Albro* v. *Ward*, 8 Mass., 79; *Constant* v. *Chapman*, 2 Queen's Bench, 771.) The question, therefore, is, was the execution by which Doughty was taken issued with or without authority? If unauthorized he was not legally in custody, and the plaintiff cannot complain that the officer suffered one unlawfully detained to escape.

The execution by which he was arrested, and committed to the custody of the defendant, as sheriff of New York, issued out of the third district court of the city. On the 15th of September, 1857, the plaintiff, as assignee of one Thomas France, brought a suit against Doughty in the district court. After successive adjournments, the cause was tried, and on the 12th November, 1857, the justice rendered judgment against the defendant for $250, damages, and $17.50, costs, and the same was entered on the docket. It was not stated in this judgment that the defendant was subject to arrest and imprisonment thereon. The day following the rendition of the judgment, the plaintiff made affidavit "that judgment has been rendered for the plaintiff," etc., and on that affidavit the justice indorsed "execution against the body to issue, Wm. B. Meech, Justice, November 13th, 1857." The clerk noted in the docket this order of the justice, and issued execution accordingly, to a constable who made the arrest. The proceeding is claimed to be without legal justification, and I think rightly.

The act of April, 1857, entitled "An act to reduce the several acts relating to the district courts in the city of New York into one act," provides as follows: "When a judgment is rendered in a case where the defendant is subject to arrest

and imprisonment thereon, it must be so stated in the judgment and entered in the docket." (Laws of 1857, chap. 344, § 50.) This means that the justice must adjudge that it is a case in which the party is subject to arrest, and the right to arrest must be stated *in* the judgment; in other words, form a part thereof. It is a part of his judicial labor and duty. The provision cannot be regarded as merely directory as to the mode of proceeding or preserving the records of the district court, the duty being judicial in its nature. The statute requiring the act to be done is imperative. (*Brackett* v. *Eastman,* 17 Wend., 32; *Setby* v. *Howard,* 3 Denio, 72.) It is a limitation of jurisdiction, and not a statutory direction to the officers of the court. If the provision related exclusively to the ministerial act of making an entry in the docket (which in this case was to be done by the clerk), it would be otherwise. It was no part of the judgment rendered on the 12th November, that Doughty was subject to arrest and imprisonment. The right to arrest was not passed upon by the justice. However, the day following the rendition of the judgment, on an affidavit of the plaintiff that Doughty had received the money for which the judgment was obtained in a fiduciary capacity, the justice ordered execution to issue against his person. This subsequent proceeding cannot be supported. On the 13th November the justice had no jurisdiction to act. He was *functus officio.* What he did was not merely irregular, but void. He had no more right to order an execution to issue against the person on the day after he had rendered judgment than he would have had three months thereafter. The district courts are of limited jurisdiction, and can only act in the mode pointed out by statute. We will look in vain for any provision in the act of 1857 remodeling these courts and their jurisdiction, for authority for this latter proceeding. There is nothing authorizing the justice to issue an execution against the person upon being satisfied by evidence after judgment and ·*ex parte* that the case is one for the arrest and imprisonment of the defendant. On the contrary, this feature of the non-imprisonment act of 1831 was expressly repealed as to the

65

district courts in New York by the district court act of 1857. (Laws of 1831, p. 413 ; Laws of 1857, chap. 344, § 81.) Altogether another jurisdiction was conferred. It was made as much the duty of the justice to pass upon the defendant's liability to an arrest as upon his liability in the action, and to embody his judicial conclusion in his judgment. Not having done this when the judgment was rendered, he could not afterward amend in this respect.

The district courts have no power to amend their judgments, even if the proceedings of the 13th November could be regarded as an attempt to amend. They can do nothing requiring the exercise of discretion. Having rendered judgment, from that time they are mere ministerial officers. But even if the power to amend existed, what was done the day following the rendition of the judgment was of no avail and void. The statute prescribes that the defendant may be arrested and imprisoned in certain cases, and that the right to arrest shall be stated *in* the judgment, that is, shall form a part thereof; and no other order or form of order will satisfy this requirement. When it is stated in the judgment it is the subject of review on appeal; and it is the only way in which the question may be viewed on appeal. It was manifestly intended by the provision to secure to the defendant the right of appeal from an adjudication of the inferior court involving his personal liberty. Cases are specified in the statute where the defendant is subject to arrest and imprisonment (§ 16), and if it be a case where the defendant may be arrested, the execution issued by the clerk for the enforcement of the judgment may direct the officer to arrest and commit him to the jail of the county, until he pay the judgment, or be discharged according to law. (§ 52.) This execution issues of course, and there is no provision, as in the non-imprisonment act of 1831, for ascertaining by proof *ex parte* after judgment, whether it be a case for an execution against the body ; nor was any necessary. It was not left to the discretion of the justice or clerk, from which there could be no appeal, to determine upon an *ex parte* hearing after judgment, whether it was a case, under

the statute, in which an execution should go against the body. It must be determined by the judgment rendered in the action whether it be such a case, or there is no provision for determining it at all, and being made a part of the judgment, the right of appeal on this ground is secured to the defendant.

I am of the opinion, therefore, that the case was properly disposed of in the court below. Doughty was arrested and detained by void process, and no action can be maintained by the plaintiff against the defendant, as sheriff, for suffering him to escape. I believe the proposition to be universally true that whenever the process by which one is arrested is void, no action can be supported for his escape. When the process is void the creditor has no just ground of complaint that the person of his debtor is not holden in custody by it.

The judgment of the Superior Court should be affirmed.

MULLIN, J. The *ca. sa.* by virtue of which Doughty was arrested and imprisoned by the defendant was regular on its face, and therefore a protection to the officer for so arresting him. (*Hutchinson* v. *Brand*, 9 N. Y., 208; *Savacool* v. *Boughton*, 5 Wend., 170; *Chegaray* v. *Jenkins*, 5 N. Y., 376; *Noble* v. *Halliday*, 1 id., 330; *Webber* v. *Gay*, 24 Wend., 485; *People* v. *Warren*, 5 Hill, 440.)

When, however, the court or officer has not jurisdiction of the person or subject-matter, or if for any other reason the process is not irregular merely, but void, the officer is not protected, but is liable to such damages as the injured party has sustained by reason of the arrest. (*Smith* v. *Shea*, 12 Johns., 257; *Cable* v. *Cooper*, 15 id., 152.)

The process in this case is, if I understand the respondent's counsel correctly, conceded to be regular on its face, but he insists that it is void, because the statute, section 50 of chapter 344 of the Laws of 1857, declares " that when a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment and entered in the docket;" and in this case no such entry was made in the docket, nor did such statement form at any time a part of the judgment.

It was not the intention of the legislature to make the right to an execution against the body depend on the entry or non-entry in the docket of the fact that the case was one in which an execution against the body might issue. That process is given by a general law, and is not made to depend upon any condition other than that the facts make a case in which by the statute an execution against the body may issue. The right of the party in whose favor a judgment is rendered in one of these New York district courts in a case in which the opposite party may be arrested, on an execution against the body, is as perfect as it would be if the action was in a court of record. In a court of record an attorney usually issues the execution, and issues it against the body of the defeated party, at the peril, if sued, of establishing the facts which authorized the arrest.

In the statute under consideration it is not said that the execution against the body shall be void if the judgment is not entered in conformity with its provisions. The language is no more peremptory in reference to the entries in the docket than are the provisions of the Revised Statutes. (3 Rev. Stat., 5 ed., 456, § 174.) That section provides that every justice shall keep a book, in which he shall enter fifteen different matters, and amongst others the verdict of a jury and the judgment rendered. This docket is made evidence of the facts required to be entered therein. In *Hall* v. *Tuttle* (6 Hill, 38), this provision of the Revised Statutes was held directory, merely. In that case the justice had omitted to enter judgment on a verdict in his docket until some two or three days after it was rendered. On error, the judgment was held valid. (*Robbins* v. *Gorham*, 25 N. Y., 588; *Ostrander* v. *Walter*, 2 Hill, 329.) This court, in *Walrod* v. *Shuler* (2 Comst., 134), affirmed the same proposition. In *Pond* v. *Negus* (3 Mass., 230), the assessors of a school-district were directed by statute to assess the district tax within thirty days after the clerk had certified the vote raising the tax. It was held the statute was merely directory, as there were no negative words in limiting the power to make the assessments afterward. The same reason for holding a

statute directory was assigned in *The People* v. *Allen* (6 Wend., 486); *Marchant* v. *Langworthy* (6 Hill, 646); *ex parte Heath* (3 Hill, 43); *The People* v. *Holley* (12 Wend., 481); *Jackson* v. *Young* (5 Cowen, 269); *Striker* v. *Kelly* (7 Hill, 9); *The People* v. *Peck* (11 Wend., 604); *Mohawk and Hudson Railroad Company* (19 id., 143).

Redfield, Ch. J., in *Holland* v. *Osgood* (8 Vt., 276), says: "If the justice failed to comply with the requirements of a statute merely directory as the mode of proceeding or preserving his records, it was never held that the proceedings became *ipso facto* void. Statutes directing the mode of proceeding by public officers have always been treated as advisory, and not intended to invalidate the vitality of the proceedings themselves unless expressly so declared.

There is a propriety in requiring the entry in the judgment on the docket, whether the case is one on which an execution against the body may issue. The act of 1857, cited *supra*, provides for the appointment of a clerk to each of the district courts created by that act, and makes it the duty of such clerk to keep a docket, and to enter therein the several matters specified in the statutes. The clerk also issues the execution, and unless he has some means of being informed whether the case is one in which an execution may go against the body, he would be incurring great risk in issuing, as well as in refusing to issue, such process. The justice holding the court is the only person from whom he can safely receive directions, and to prevent mistakes through forgetfulness or other cause, it is required that fact shall be entered in the judgment. The requirement is obviously for the benefit and protection of the clerk. The right of the party to it is not dependent on the entry, and this provision was not designed to confer or qualify such right. But it is argued that it is a part of the justice's judicial duty to determine whether the case is one in which an execution against the body may issue, and that the directions to which reference has been made hold that making entries in a docket do not apply to these cases. Those cases consider the statute directory because the

act is ministerial; this act is judicial, and is not therefore within the principle of those cases.

I think the decision of the question is a judicial act. But I do not think that the statute is any the less a directory one on that account. The form of the execution is not any part of the merits of the controversy between the parties. A decision upon it is the decision of a question collateral to the merits and not intended to affect them, but is for the protection of an officer of the court.

It seems to me the clerk had the right to issue an execution against the body at the risk of proving, in an action for false imprisonment, that the case was one in which such an execution might issue.

Had the statute made the entry in the judgment that " *the case was one in which an execution against the body could issue* " a condition precedent to the right to such process, no doubt would have existed as to the correctness of the ruling of the court below. But the law imposes no such condition, the right to an execution against the body in an action for the conversion of personal property is as perfect in one of the district courts as it is in the Supreme Court, and it should not be deemed to be taken away unless by an express enactment.

It is said that although the action against Doughty was trover, yet it does not follow that an unlawful conversion was proved, and that it may have been that the justice rendered judgment for the plaintiff in that action on the ground that the defendant was indebted to him in the amount named in the judgment, and that the fair inference from the facts is that the justice must have deemed the case one in which an execution against the body could not issue, otherwise he would have incorporated in the judgment the decision that such an execution could issue.

The sheriff cannot go behind the judgment and inquire whether the proceedings were or were not regular. The judgment concludes him as well as the defendant against whom it is rendered. But he may show, when sued for an escape, that the defendant named in the process was not

liable to arrest. (*Phelps* v. *Barton*, 13 Wend., 68; *Ray* v. *Hogeboom*, 11 Johns., 433.)

On the proof in this case the appropriation of the proceeds of the notes was fully established. The notes and their proceeds were assigned to the plaintiff, subject to the lien of Doughty, for some $211. They were for a much larger sum than the lien, and they were admitted to have been fully paid to Doughty. A demand was made by the plaintiff of the balance in Doughty's hands, and refused. The question is whether on this state of facts a case was made that entitled the plaintiff to an execution against the body?

Doughty had a right to receive pay on the notes, and on payment to surrender them to the parties entitled. There could not be a conversion therefore of the notes. (*Weymouth* v. *Boyer*, 1 Vesey, Jr., 424; Paley's Agency, 79, 80, and cases cited.) Nor would the action of trover lie for the excess of the proceeds after paying Doughty's claim thereon. (*Orton* v. *Butler*, 5 B. & Ald., 652.) Trover originally lay for the recovery of property lost by the plaintiff and found by the defendant and converted by him to his own use. After a while the loss and finding were treated as mere fictions, and the plaintiff was entitled to recover damages for the unlawful taking or detention of personal property of which he was owner, or to the possession of which he was entitled. To maintain the action, therefore, there must be some specific property to which the plaintiff can establish a present right of possession. It is not enough that there is some property in the possession of the defendant to which plaintiff is entitled, but he must on his declaration or complaint designate the property, so that it can be ascertained and its value estimated. (*Pettit* v. *Bouser*, 1 Miss., 64.) It is not essential that the plaintiff should be able to describe the property with much particularity, but enough must be alleged to distinguish it. (1 Chitty's Pl., 363-365; 2 id., 369, 370.) When the property sued for is bank-bills, it is a sufficient description to say so many bills of a bank, naming it, of such and such denominations. (*Dows* v. *Reynoll*, Lalor's Supp't, 407.) Where

it is coin that is claimed, it may be described by saying so many dollars, or half dollars, in a keg, box or other package. (Comyn's Digest, Title, Action on the Law on Trover, C.)

In this case the money received on the notes is not described in any manner. But the plaintiff was not entitled to any particular bills or number of coin. Any description of money which could be used in payment of a debt would have satisfied plaintiff's claim. There was, therefore, no specific money that could be claimed by the plaintiff. (*Orton* v. *Butler* 5 B. & Ald., 652.) Again, it was received by the defendant as plaintiff's agent, and he was bound to account for it as so much money had and received to plaintiff's use. Assumpsit and not trover was the proper form of action in which to recover the money held by Doughty.

I am, therefore, of the opinion that Doughty was not liable to be arrested, and that the sheriff had the right to let him go at large and was not liable for his escape.

The judgment should, therefore, be affirmed, with costs.

All concur with WRIGHT, J., except HOGEBOOM, J., who did not vote.

Affirmed.