termination, or the amount thereof does not necessarily or legally flow from the determination that the plaintiff has established his cause of action.   This is not a case, so far as the record shows, where some of the jurors whose convictions were that the plaintiff should not recover at all—that is, had no right of action—agreed to surrender those convictions, and find that he was entitled to recover, provided the other jurors would agree to a small recovery.   Even in such a case it would, perhaps, be setting a dangerous precedent to say that the verdict so agreed upon should be set aside.   Wolf v. Insurance Co., 43 Barb. 400, affirmed in 41 N. Y. 620.   I have examined the other grounds upon which the motion was made to set aside the verdict, and for a new trial, and can find no sufficient reason in them for granting the motion.

The order appealed from should therefore be reversed, with costs of this appeal, and the motion to set aside the verdict and for a new trial denied.   All concur, except PARKER, P. J., not voting.

---

(27 Civ. Proc. R. 337; 21 Misc. Rep. 712.)

### PECKE v. HYDRAULIC CONST. CO.

(Supreme Court, Special Term, New York County.   June, 1897.)

COUNTERCLAIM—DEFENSE.

> The allegations of an answer to a complaint for "agreed salary" and "agreed price" of goods sold and delivered, that for "a separate and distinct defense to both causes of action, and for a further counterclaim thereto," defendant alleges that by his contract of employment "plaintiff undertook and agreed" to certify correct pay rolls; that he "failed to perform his said agreement, in that he willfully, negligently, and without proper care and investigation on his part, wrongfully certified false and fraudulent pay rolls"; and that in consequence defendant has suffered damage in the sum of $1,600, for which judgment is demanded,—while not presenting a defense, state a proper counterclaim, both complaint and answer counting on contract.

Action by Francis S. Pecke against the Hydraulic Construction Company.   Plaintiff demurs to answer.   Sustained in part.

Charles J. Pearson, for plaintiff.

Field & Deshon, for defendant.

PRYOR, J.   The plaintiff presents two causes of action in his complaint, namely:   First, a claim for "an agreed salary"; and, secondly, a claim for the "agreed price" of goods sold and delivered. For "a separate and distinct defense to both causes of action, and for a further counterclaim thereto," the defendant alleges that by his contract of employment the plaintiff "undertook and agreed" to certify correct pay rolls; that he "failed to perform his said agreement, in that he willfully, negligently, and without proper care and investigation on his part, wrongfully certified false and fraudulent pay rolls"; and that in consequence the defendant has suffered damage in the sum of $1,600, for which judgment is demanded.   Obviously, the counterclaim proceeds upon a breach of contract.   But, "if the cause of action as set forth is doubtful or ambiguous, every intendment is in favor of construing it as being in the nature of an action ex contractu."   Goodwin v. Griffis, 88 N. Y. 629, 638.   The

true nature of the action is not altered by the addition of words appropriate to a pleading in tort.    Austin v. Rawdon, 44 N. Y. 63;  Veeder v. Cooley, 2 Hun, 74;  Sparman v. Keim, 83 N. Y. 245; Byxbie v. Wood, 24 N. Y. 607;  Conaughty v. Nichols, 42 N. Y. 83; Graves v. Waite, 59 N. Y. 156;  Segelken v. Meyer, 94 N. Y. 473, 484. As both complaint and answer count upon contract, the counterclaim is clearly admissible.    Code, § 501, subsecs. 1, 2;  Harlock v. Le Baron, 1 Civ. Proc. R. 168.    That the breach of contract of which defendant complains occurred before the commencement of the action is sufficiently apparent on the pleading.    A cause of action in defendant's favor being manifest, we are now concerned with its measure of recovery.    It is entitled, in any event, to nominal damages.    The demurrer to the counterclaim is overruled.

But the same matter is pleaded also as a defense, and by a separate demurrer its validity as such is challenged.    The distinction between a counterclam and a defense is obvious.    A counterclaim, conceding the plaintiff's cause of action, defeats it, entirely or partially, by a cross demand.    A defense disputes the alleged cause of action, either as never extant or now abolished.    Plainly, plaintiff's claim is not disproved by the facts pleaded as a defense, but is only reduced or overbalanced by a counterclaim.

Demurrer to defense sustained.    Costs to neither party.    Hollingshead v. Woodward, 35 Hun, 410;  Grange v. Gilbert, 44 Hun, 9.